Pietro Colello, Respondent-Appellant, v. T. J. Stevenson & Co., Inc., Defendant; Alfred E. White, Respondent, and Kane Ship Repair Corp., Appellant and Third-Party Plaintiff-Appellant. Stuart Marine Painting Corp., Third-Party Defendant-Respondent.— Plaintiff, an employee of Stuart Marine Painting Corp., was injured when he fell into a deep tank on the SS. "Horace Greeley",.in which he had been working, allegedly because of dizziness resulting from noxious fumes in the tank. The vessel, owned by the United States, had been laid up for a number of years. It was being put back into condition

by Kane Ship Repair Corp., under a contract with the United States, and included in the work to be performed was the cleaning of the deep tanks, previously used for carrying fuel oil, so that grain could be stored therein. That job was subcontracted by Kane to Stuart, and the accident occurred at the end of a day in which plaintiff had been working in one of the deep tanks. There was evidence that Kane had custody and control of the vessel; that plaintiff and his fellow employees had become nauseous and dizzy during the day from fumes and odors emanating from the residue of fuel oil in the tank and from the kerosene used in the cleaning process; that Kane had knowledge of the condition in the tank, and that Kane had done nothing about remedying that condition. The action was instituted against Stevenson, the general agent, Kane, and White, a chemist who had inspected the tank prior to the accident and had issued a certificate that it was safe. Stevenson was not served. Kane asserted a cross complaint against White, and also brought in Stuart, plaintiff's employer, by a third-party summons and complaint, alleging that they would be liable to indemnify Kane if plaintiff should recover against it. The trial court dismissed the complaint as to defendant White, and also dismissed Kane's cross complaint against that defendant. The jury found in plaintiff's favor against Kane, and in favor of Stuart in Kane's third-party action. In addition to rendering a general verdict, the jury made special findings to the effect that Kane was guilty of active negligence in that, having actual knowledge of the unsafe condition, it acquiesced therein by failing to remedy it and that Stuart was not guilty of active negligence. Plaintiff appeals from that part of the judgment which dismisses his complaint as to defendant White; Kane appeals from the entire judgment. On the appeal by plaintiff and Kane from the judgment, insofar as it is in favor of defendant White, judgment affirmed, with one bill of costs to said respondent against said appellants. No opinion. On the appeal by Kane from the judgment in favor of plaintiff and third-party defendant Stuart, judgment affirmed, with one bill of costs to said respondents against said appellant. There was ample evidence to support the finding, implicit in the jury's verdict, that Kane had custody and control of the vessel. On the facts presented, Kane had a nondelegable duty to provide plaintiff with a reasonably safe place in which to work, and that duty persisted despite any concurrent duty on the part of the employer. (Cf. *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 324; *Caldarola* v. *Eckert,* 332 U. S. 155, 158–159; *Palazzolo* v. *Pan-Atlantic S. S. Corp.,* 211 F. 2d 277, and *Gucciardi* v. *Chisholm,* 145 F. 2d 514, 516.) The verdict, under the court's charge, imports a finding, sustained by the proof, that Kane breached such duty; and plaintiff's recovery against Kane was therefore proper. Kane may not rely on the principle enunciated in such cases as *Kowalsky* v. *Conreco Co.* (264 N. Y. 125) and *Byars* v. *Moore-McCormack Lines* (155 F. 2d 587) that an employee cannot recover for injuries received while doing an act to eliminate the cause of the injury. Not only was no such question raised below (cf. *Martin* v. *Home Bank,* 160 N. Y. 190, 199, and *Lindlots Realty Corp* v. *County of Suffolk,* 278 N. Y. 45, 55), but that rule is inapplicable to the facts presented. Stuart was not employed to repair a dangerous or defective condition but merely to clean the tanks. The plaintiff's injury was not due to the unsafe nature of the work but to Kane's failure to furnish a reasonably safe place in which to perform the work. There was implicit in the jury's verdict a finding that the cleaning could have been done in safety had proper ventilation been provided by Kane. The judgment in Stuart's favor in the third-party action was likewise justified, in view of the

jury's finding, on sufficient proof, that Kane was guilty of active negligence. Under such circumstances, Kane was not entitled to indemnity from plaintiff's employer, even though Stuart may also have been guilty of negligence. (Cf. *McFall* v. *Compagnie Maritime Belge, supra,* and *Palazzolo* v. *Pan-Atlantic S. S. Corp., supra.*) Nolan, P. J., Adel, MacCrate and Schmidt, JJ., concur. Wenzel, J., concurs for affirmance insofar as the judgment dismisses the complaint as to defendant Alfred E. White, dismisses the cross complaint of defendant Kane Ship Repair Corp. against defendant White, and dismisses the third-party complaint, but dissents and votes to reverse the judgment insofar as it grants recovery to plaintiff against defendant Kane and to dismiss said plaintiff's complaint, with the following memorandum: Defendant Kane had sublet its contract to clean the deep holds of this vessel to the Stuart Marine Painting Corp., third-party defendant, and the employer of the plaintiff-respondent Colello. No strictures or suggested methods as to how this work was to be done were contained in the contract. Defendant Kane, before the plaintiff's employer entered upon the work, engaged defendant White, a marine chemist, to inspect and report on the condition of the deep tanks. His report was that they were "Safe for Men" and that they were gas free at the time they were tested. In doing their work, the plaintiff and his fellow employees used kerosene which, according to the plaintiff's expert's answer to the hypothetical question, was what brought about the condition which caused the plaintiff to fall. I think the manner in which this question was framed is highly significant. Had the defendant Kane interfered with the operation being performed by Stuart's men it might have made itself liable. It was under no duty to do so. Plaintiff's employer was engaged to do specific work under certain conditions, the elimination of which was the purpose of the work to be performed. In the performance of the work and the manner in which it was done lay the hazard not present at the time that plaintiff's employer started its work. (*Peikel* v. *Grace Line,* 275 App. Div. 965, affd. 300 N. Y. 701.) The negligence, if any, lay in the manner of the execution of its contract by Stuart Marine Painting Corp.