■ MARIA PERSICHILLI, as Administratrix of the Estate of ARCHANGELO PERSICHILLI, Deceased, Respondent-Appellant, v. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Appellants-Respondents, and CITY OF NEW YORK, Respondent-Appellant. LOCKWOOD, KESSLER, BARTLETT, INC., Third-Party Plaintiff-Appellant, v. NASSAU-MASCALI CONSTRUCTION CORP., Third-Party Defendant-Respondent. CITY OF NEW YORK, Third-Party Plaintiff-Appellant, v. NASSAU-MASCALI CONSTRUCTION CORP., Third-Party Defendant-Respondent. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Third-Party Plaintiff-Respondent, v. NASSAU-MASCALI CONSTRUCTION CORP., Third-Party Defendant-Appellant. — In an action by the administratrix of the estate of her deceased husband to recover damages for his death, alleged to have been the result of the negligence of defendants (1) Triborough Bridge and Tunnel Authority, (2) Lock-

wood, Kessler, Bartlett, Inc., an engineering firm, and (3) the City of New York (hereafter referred to as Triborough, Lockwood and city, respectively), in which the city cross-claimed against its codefendants, and each of the defendants served a third-party complaint against the intestate's employer, Nassau-Mascali Construction Corp. (hereafter referred to as Nassau), the parties cross-appeal as follows from a judgment of the Supreme Court, Queens County, entered October 9, 1962 after trial, upon the jury's verdict and the court's decision: (1) Plaintiff appeals from so much of the judgment as dismissed her complaint against the city. (2) Triborough appeals from so much of the judgment as is in favor of plaintiff against it. (3) Lockwood appeals from so much of the judgment as is in favor of plaintiff against it in the main action, and as is in favor of Nassau against it in the third-party action. (4) The city appeals from so much of the judgment as dismissed its cross complaint against Triborough and Lockwood, and its third-party complaint against Nassau. (5) Nassau appeals from so much of the judgment as is in favor of Triborough against it. Judgment, insofar as it is in favor of plaintiff against the defendant Lockwood, reversed on the law; action severed as to it; and a new trial granted as between plaintiff and said defendant, with costs to abide the event. In all other respects, the judgment, insofar as appealed from by the respective parties, is affirmed, without costs. The findings of fact are affirmed. Lockwood was a professional engineering firm acting as an independent contractor for Triborough to supervise construction by Nassau, under its contract with Triborough, of a new roadway on Conduit Boulevard in Queens County. Such construction included, as an "extra," an underground structure (called a "blow-off pot") in which the plaintiff's intestate was asphyxiated. As a supervising engineer only, Lockwood would not be answerable to plaintiff for nonfeasance (*Olsen* v. *Chase Manhattan Bank,* 10 A D 2d 539, affd. 9 N Y 2d 829). However, from the scope of Lockwood's authority and its orders and instructions to the contractors and their employees, the jury could find that it had control of the work and was in charge of the project in behalf of Triborough and was therefore under a duty to use reasonable care for the safety of the intestate (cf. *Colello* v. *Stevenson Co.,* 284 App. Div. 805, affd. 308 N. Y. 935; *Broderick* v. *Cauldwell-Wingate Co.,* 301 N. Y. 182, 187; *Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.,* 9 A D 2d 379, 383; *Koehler* v. *Grace Line,* 285 App. Div. 154, 158). It appears that, instead of submitting to the jury the issue of assumption of control by Lockwood, as its counsel requested, the court charged that Lockwood (equally with Triborough) was required: (a) to comply with section 200 of the Labor Law; (b) to provide the intestate with a safe place to work; and (c) to furnish him with the protection owed to an invitee. Lockwood duly excepted to such charge. In our opinion, the proof was insufficient to warrant holding, as a matter of law, that Lockwood was in control of the project; hence the said instructions as given to the jury constituted prejudicial error. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.