■ BRUCE HANSEN, Respondent-Appellant, v HONDA MOTOR Co., LTD., Appellant-Respondent, et al., Defendants. MORRIS ZEGAREK, Doing Business as HONDA OF MINEOLA, Respondent-Appellant. — In an action to recover damages for personal injuries, (1) defendant Honda Motor Co., Ltd. (Honda) appeals from so much of an order of the Supreme Court, Nassau County (Young, J.), dated August 15, 1983, as denied that branch of its motion for summary judgment as sought dismissal of plaintiff's cause of action for failure to warn insofar as it was asserted against it; and (2) plaintiff and defendant Morris Zegarek separately cross-appeal from so much of the same order as granted those branches of Honda's motion for summary judgment as sought dismissal of plaintiff's remaining causes of action insofar as they were asserted against it.

Order modified, on the law, by granting defendant Honda's motion for summary judgment in its entirety. As so modified, order affirmed, with one bill of costs payable to defendant Honda by plaintiff respondent-appellant and defendant respondent-appellant.

Plaintiff was severely injured when he fell from his 1978 Honda CB550K motorcycle manufactured by defendant Honda. The complaint alleges that plaintiff was caused to lose control of the motorcycle by reason of defects in its rear wheel. It is undisputed that neither the rear wheel nor the spokes on the motorcycle at the time of the accident were manufactured or distributed by defendant Honda. When he purchased the motorcycle from defendant Morris Zegarek (doing business as Honda of Mineola), plaintiff customized it by having the stock rear

wheel removed and replaced with another wheel known as a "fat wheel Harley", for aesthetic reasons. Furthermore, the spokes which were on the rear wheel at the time of the accident were from a replacement kit manufactured by Florida Cycle Supply of Jacksonville, Florida. The kit was purchased by plaintiff from defendant Phase III Cycle Systems, Inc., also known as Long Island Honda, subsequent to plaintiff's purchase of the motorcycle. The replacement spokes were thereafter adjusted from time to time prior to the accident by plaintiff himself and by defendants Phase III Cycle Systems, Inc., Zegarek, and Custom Cycle, Inc., also known as Custom Cycle Shop.

Under these circumstances, defendant Honda was entitled to summary judgment dismissing the complaint insofar as it asserted against it. Plaintiff alleges that the defective rear wheel and spokes were the proximate cause of his injuries, and it is established that the rear wheel and spokes on his motorcycle at the time of the accident were neither manufactured nor distributed by Honda. In fact, the rear wheel and spokes in question were added by plaintiff as modifications long after the motorcycle had left the possession and control of its manufacturer, defendant Honda. The "manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" (*Robinson v Reed-Prentice Div.*, 49 NY2d 471, 475). Although a manufacturer is under a duty to design and manufacture a product which is safe at the time of sale, it is not responsible for injuries caused by subsequent modifications by another however foreseeable such modifications may have been to the manufacturer (*Robinson v Reed-Prentice Div., supra,* p 481). Thus, we perceive no duty on the part of the manufacturer in the present case to have warned plaintiff purchaser of the dangers attendant upon alteration or modification of the motorcycle. Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.