■ DANIEL A. BREIDENSTEIN, Respondent, v LUDLOW CORP., Appellant.—Order, insofar as appealed from, unanimously reversed, on the law, without costs, and defendant's motion granted to dismiss plaintiff's first cause of action. Memorandum: The court erred in failing to grant summary judgment to defendant dismissing plaintiff's negligence claim against it. From approximately 1965 to 1976 defendant was the owner of a mill machine manufactured by Thropp Corporation. When used by defendant, it was equipped with a safety device subjected to weekly inspection. It was dismantled and sold "as is" to Eemco Machines, Inc., who reconstructed it according to the specifications of Plaslok Corporation. Plaintiff, an employee of Plaslok, was allegedly injured while operating the machine. Plaintiff contended that defendant was negligent in failing to warn Eemco of the danger of using the machine without the safety device in use during its period of ownership. That argument is without merit. We find as a matter of law that defendant, a casual seller, cannot be held liable given the sale and shipment of only certain parts of the dismantled machine and the modification by Eemco, which involved the entire rebuilding of the machine (cf. Robinson v Reed-Prentice Div., 49 NY2d 471, 480-481; Hansen v Honda Motor Co., 104 AD2d 850). (Appeal from order of Supreme Court, Erie County, Doyle, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Pine, JJ.