**Darrell WESSINGER, Plaintiff,**

v.

**VETTER CORPORATION, et al., Defendants.**

**Civ. A. No. 86–2385–O.**

United States District Court, D. Kansas.

July 24, 1989.

See also 685 F.Supp. 769.

Dennis L. Davis and Daniel P. Wheeler, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, Mo., and Homer C. Bittiker, Bittiker & McAdam, Overland Park, Kan., for plaintiff.

Edward M. Boddington, Jr., Boddington & Brown, Charles O. Thomas and Edmund S. Gross, Thomas, McDonald, Maier, Dykes & Johnston, Kansas City, Kan., Thomas O. Baker, Evan A. Douthit and R. Douglas Gentile, Baker & Sterchi, Kansas City, Mo., and Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants Honda Motor Co., Ltd.'s, Honda R & D Co., Ltd.'s and American Honda Motor Co., Inc.'s (hereinafter collectively referred to as "Honda") joint motions to dismiss and for summary judgment. Plaintiff filed this action after being injured in a motorcycle accident. The motorcycle was manufactured by Honda, and it was equipped with a "Windjammer" fairing manufactured by defendant Vetter. The fairing was installed by someone other than Honda, prior to plaintiff's purchasing the used motorcycle. Plaintiff claims defendants Honda had a duty to test for and warn about the possibility that fairings can enhance a motorcycle rider's injuries when the rider is in an accident.

Defendants Honda contend that they are entitled to dismissal under Rule 12(b)(6) because defendants Honda had no duty to test for or warn against dangers associated with a product they did not manufacture, namely the Vetter "Windjammer" fairing. Additionally, defendants Honda contend that they are entitled to summary judgment because they had no duty to warn plaintiff, a sophisticated user, about an open and obvious danger. K.S.A. 60–3305. For the following reasons, defendants' joint motions to dismiss and for summary judgment will be denied.

*Motion to Dismiss*

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint

is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendants Honda argue that plaintiff's claims against them must be dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6). First, defendants contend that Kansas courts take a restrictive approach in failure to warn cases and have never imposed liability in a case such as this, *i.e.,* where a plaintiff claims that defendants' duty to warn extends to a product defendants did not manufacture and did not install as a modification to their product. Second, defendants contend that imposing such a duty to warn is unreasonable: manufacturers should not be required to test all possible aftermarket accessories to a product to determine their affect on safety.

■ Although defendants' arguments are compelling ones, the court cannot conclude that plaintiff has failed to state a product liability claim against Honda. The Kansas courts have yet to face a factual situation similar to the one before the court.[1] Thus, it is not surprising that the Kansas courts have not imposed a duty to warn on manufacturers in Honda's position.

Kansas adopted Second Restatement of Torts § 402A in 1976. *Brooks v. Dietz,* 218 Kan. 698, 545 P.2d 1104 (1976). Plaintiff can state a products liability claim against a manufacturer by alleging that the manufacturer failed to give adequate and timely warnings as to the dangers which may result from a foreseeable use, misuse or modification of the manufacturer's product. *Saupitty v. Yazoo Mfg. Co., Inc.,* 726 F.2d 657, 659 (10th Cir.1984) (applying Oklahoma law, which has also adopted § 402A); *Sell v. Bertsch & Co., Inc.,* 577 F.Supp. 1393, 1397 (D. Kan.1984). Although defendants do not specifically state the basis of

their argument that they had no duty to warn of the possibility that a fairing would enhance a motorcycle rider's injuries if involved in an accident, the court believes that defendants rely on § 402A(1)(b), which protects a manufacturer from liability when its product reaches a consumer with substantial modifications.

According to several courts' interpretations of that section, 402A(1)(b)'s protection is limited to *un*foreseeable substantial modifications. *See, e.g., Webb v. Rodgers Machinery Mfg. Co.,* 750 F.2d 368, 372–73 (5th Cir.1985) (applying Texas law); *Whitehead v. St. Joe Lead Co., Inc.,* 729 F.2d 238, 250 (3d Cir.1984) (§ 402A(1)(b) protects manufacturers from liability when their products undergo unforeseeable modifications); *Saupitty,* 726 F.2d at 659; *Vanskike v. ACF Industries, Inc.,* 665 F.2d 188, 195 (8th Cir.1981); *Rodriguez v. Besser Co.,* 115 Ariz. 454, 565 P.2d 1315, 1321 (1977) (jury correctly instructed it could find defendant liable if modification foreseeable); *but see, e.g., Hansen v. Honda Motor Co., Ltd.,* 104 A.D.2d 850, 480 N.Y. S.2d 244 (1984) (New York courts do not impose duty to warn even if modifications foreseeable).

Because the Kansas courts have never directly addressed whether section 402A(1)(b)'s protection is limited to unforeseeable modifications, the court cannot state with certainty that it would or would not follow the apparent majority interpretation. Assuming that the Kansas courts would follow the majority, however, the court concludes that plaintiff has stated a claim against defendants Honda for failure to test for and warn about the dangers of a foreseeable modification to its motorcycles, *i.e.,* enhanced injuries in an accident when the motorcycle is equipped with a Vetter "Windjammer" fairing.[2] Accordingly, dismissal for failure to state a claim is inappropriate.

---

1. Defendants rely heavily on *Mays v. Ciba–Geigy Corp.,* 233 Kan. 38, 661 P.2d 348 (1983). The case does not stand for the proposition defendants espouse. The court simply found that defendant had no duty to warn because of the application of the sophisticated user/open and obvious defect defense.

2. Although defendants conceded the foreseeability issue for the purposes of this motion, the court did not consider this concession when ruling on defendants' motion to dismiss.

*Motion for Summary Judgment*

Defendants also move for summary judgment, claiming that K.S.A. 60–3305 protects them from liability for failure to warn in this case because the danger of injury is open and obvious and plaintiff is a sophisticated user.

In considering the defendants' motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). According to the federal rules, summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Company v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

K.S.A. 60–3305 provides that a manufacturer has no duty to warn against open and obvious dangers, K.S.A. 60–3305(c), and has no duty to warn against dangers of which a user, because of his experience and sophistication, would be aware, K.S.A. 60–3305(a). Although defendants Honda again offer compelling arguments that the plaintiff is a sophisticated user and that the dangers of severe injuries in a motorcycle accident are open and obvious, plaintiff has presented sufficient evidence to indicate that the plaintiff was not a sophisticated user with respect to motorcycles equipped with fairings, and that the possibility of a fairing causing enhanced injuries was not an open and obvious danger. Thus, the court cannot decide, as a matter of law, that plaintiff was a sophisticated user of motorcycles equipped with fairings, nor that enhanced injuries from fairings are an open and obvious danger. These issues are best resolved by a jury. *See, e.g., White v. Amoco Oil Co.,* 835 F.2d 1113, 1118 (5th Cir.1988); *Sell v. Bertsch & Co., Inc.,* 577 F.Supp. 1393, 1397 (D. Kan.1984). Consequently, summary judgment is inappropriate.

IT IS THEREFORE ORDERED that defendants Honda Motor Co., Ltd.'s, Honda R & D Co., Ltd.'s and American Honda Motor Co., Inc.'s joint *motions to dismiss and for summary judgment are denied.*