OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the defendant General Motors Corporation for summary judgment dismissing the complaint and cross claim asserted against it for lack of merit will be granted, with $50 costs on the motion.
*240 This is an action to recover for property damage sustained when the plaintiffs recreational vehicle caught on fire on April 22, 1986, while plaintiff was driving it on U. S. Route 117, approximately one mile south of Faison, North Carolina. General Motors manufactured the chassis upon which codefendant Heritage Recreational Vehicles, Ltd., assembled the motor home. The vehicle was sold to the plaintiff by the codefendant American Camper Sales, Inc. The theory of liability asserted against General Motors is that the fire was caused because there was a metal clamp attaching the positive battery terminal cable to the metal frame of the radiator which eventually caused the insulation material oh the cable to wear out, resulting in an electrical short which caused a fire in the motor compartment.
General Motors moves for summary judgment upon the affidavit of its engineer, Dennis Wayne Himmler, which asserts that the entire battery cable system involved in this litigation was not manufactured or designed by General Motors Corporation, but was in fact created by the codefendant, Heritage Recreational Vehicles, Ltd., as part of its conversion of the chassis into a component of the motor home manufactured by it. Plaintiff opposes the motion by conceding that the battery cable system is not a General Motors product, but arguing that General Motors was negligent in designing a vehicle that permitted the battery to be relocated, and in not telling the codefendant Heritage Recreational Vehicles, Ltd., what to do in the course of relocating the battery while manufacturing the motor home. General Motors counters that both theories lack merit. The court agrees.
The manufacturer of an incomplete vehicle consisting of a cut-away chassis is not responsible for defective parts or defective system designs incorporated into the vehicle by a subsequent manufacturer using the chassis as one of the component parts in the construction of its products (Nelson v Garcia, 129 Misc 2d 909). Likewise, such a manufacturer does not have a duty to warn a subsequent customizer of the dangers attendant to a bad customizing job (Hansen v Honda Motor Co., 104 AD2d 850). That is precisely the situation here. General Motors Corporation made a component part of a product manufactured by the codefendant Heritage Recreational Vehicles, Ltd. It was under no obligation to instruct
*241 Heritage as to how to safely manufacture a motor home. The purportedly defective design of the battery cable system was not a design created by General Motors Corporation, nor were its products incorporated into that battery cable system. Consequently, it cannot be cast in liability in this action.