■ WILLIAM K. HOOPER et al., Respondents, v DONALD A. ANDERSON et al., Appellants. (And a Third-Party Action and Another Related Action.)—Weiss, J. Appeal from an order of the Supreme Court (Travers, J.), entered January 17, 1989 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendant Donald A. Anderson subcontracted to perform backfilling work on an office building under construction on Karner Road in the Town of Colonie, Albany County. Six concrete block walls approximately eight feet high had been erected as a foundation containing an interior rectangle. The inner walls of this structure were bolstered with bracing. Anderson requested that the job foreman provide additional interior bracing before he backfilled a 12-foot-wide corridor between the outside and interior foundation walls. When

Anderson completed his work and left the jobsite, the walls were intact, with the interior bracing still in place. Two or three days thereafter, on October 17, 1983, plaintiff William K. Hooper (hereinafter plaintiff), a laborer employed by Richard Rosette Electric, Inc., arrived to work on the floor of the interior rectangle. Plaintiff asked the foreman "if it was all right to take the bracing out, to take the braces out" and was told "yes". About half an hour after he removed the braces, one of the foundation walls collapsed, injuring plaintiff. Two actions were commenced, one against Anderson and his excavating company (hereinafter defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. Supreme Court denied defendants' motion for summary judgment dismissing the complaint finding that there were questions of fact concerning defendants' activities and whether they caused or contributed to the collapse of the wall. This appeal by defendants ensued.

Defendants were required to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material factual issues from the case (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). In our view, defendants failed to sustain that burden. " 'Failure to make such [a] showing requires denial of the motion, regardless of the sufficiency of the opposing papers' " (Blair v Rosen-Michaels, Inc., 146 AD2d 863, 864, quoting Winegrad v New York Univ. Med. Center, supra, at 853).

Initially, we reject defendants' contention that they cannot be held liable because they had no duty to plaintiff, an essential element of common-law negligence. Whether a duty exists presents a question of law to be determined by the court based upon the facts and circumstances of each case (Eiseman v State of New York, 70 NY2d 175, 187; De Angelis v Lutheran Med. Center, 58 NY2d 1053, 1055; Vogel v West Mountain Corp., 97 AD2d 46, 48). Here, Anderson bore a duty not only to perform work properly, but also, as a reasonably prudent person, to take precautions to prevent harm to workers coming on the job and to warn of any danger (see generally, 1A Warren, New York Negligence, Nature of Negligence, § 1.03, at 19 [4th ed]; 79 NY Jur 2d, Negligence, § 18, at 333). Defendants failed to prove that Anderson either inspected the wall after his work or warned anyone of any danger of collapse upon removal of the bracing.

We find equally unpersuasive defendants' contention that they proved that the work was properly performed. Anderson

knew from experience that these particular walls could "blow out" and of the obvious need for added bracing. Questions of fact remain as to whether Anderson ascertained if the cement was properly cured and ready for backfilling, when bracing could safely be removed, what if any postcompletion safety measures and warnings were appropriate, and whether the performance complied with standards for proper backfilling. Resolution of these questions depends upon Anderson's conduct under the existing circumstances and is more appropriately resolved at trial (see, 1A Warren, New York Negligence, Nature of Negligence, § 2.03, at 30 [4th ed]; see also, Andre v Pomeroy, 35 NY2d 361).

Defendants next contend that the Labor Law claims asserted should have been dismissed. The undisputed evidence establishes that Anderson was engaged as a subcontractor to perform backfilling work, that he had completed his work and that he had left the work site several days before plaintiff's injury. Anderson was not involved with plaintiff's work and had no supervision authority or control over plaintiff, the work being done by plaintiff, the construction site at the time of the accident or the safety measures employed in the subsequent phases of the project. In these circumstances, Anderson was not a statutory agent subject to liability under Labor Law §§ 200 or 241 (see, Brown v Two Exch. Plaza Partners, 146 AD2d 129, 136, appeal dismissed 74 NY2d 793; Kerr v Rochester Gas & Elec. Corp., 113 AD2d 412, 416-417; see also, Russin v Picciano & Son, 54 NY2d 311, 317-318; Nowak v Smith & Mahoney, 110 AD2d 288, 289-290).

Finally, we need not reach the argument in defendants' reply brief that pages from Anderson's examination before trial were improperly included in the appendix to plaintiff's brief. While matters not before Supreme Court should not be in the record on this appeal (see, Cohoes Rod & Gun Club v Firemen's Ins. Co., 134 AD2d 782), we find the matter academic in light of defendants' failure to make a prima facie entitlement to relief.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion with regard to the Labor Law causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.