■ CARLO PALLADINO et al., Plaintiffs, v A. P. MOLLER, INC., et al., Defendants. FARRELL LINES, INC., et al., Fourth-Party Plaintiffs-Respondents, v FRUEHAUF CORP., Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendants. (And Third- and Fourth-Party Actions.)—Judgment of the Supreme Court, New York County (Michael Dontzin, J.), entered on February 8, 1990, after a jury trial, awarding fourth-party plaintiffs $230,560.37 against fourth-party defendant Fruehauf Corp., unanimously reversed, on the law, and the fourth-party complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of fourth-party defendant Fruehauf Corp. dismissing the fourth-party complaint as against it.

The two principal plaintiffs were injured while working as stevedores when a refrigerated container door, weighing over four hundred pounds, fell on them. The jury apportioned its award 50% against defendant Farrell Lines, Inc., the lessee of the container, 25% against fourth-party defendant Marine Repair Services, Inc., which was under contract to inspect and maintain the container, and 25% against fourth-party defendant-appellant Fruehauf Corp., the manufacturer of the container. The judgment to plaintiffs has been satisfied, and the only issue on this appeal is whether Farrell Lines can recover the 25% awarded on its claim for contribution and indemnification against Fruehauf.

We hold that Fruehauf is not liable in contribution or indemnity inasmuch as the jury found that the hinges that broke were substantially modified by Farrell's predecessor-in-interest, after the product left the possession of Fruehauf and without Fruehauf's knowledge, and that the jury found fur-

ther that such modification proximately caused plaintiffs' injuries. *(See, Robinson v Reed-Prentice Div.,* 49 NY2d 471; *Hansen v Honda Motor Co.,* 104 AD2d 850.)

In 1970, Fruehauf manufactured and sold the Series 880 refrigerated container in issue. That model container has two doors at the rear, each held by two hinges. Fruehauf twice notified American Export Lines, Inc., Farrell Lines's predecessor-in-interest, that the hinges on the Series 880 should be modified in accordance with a specified procedure to protect against fractures. In 1974, Farrell performed a substitute welding procedure on the hinges that was not in compliance with the method specified by Fruehauf. The Fruehauf procedure required that the area of the fractures, which occurred where the hinge tube joined the hinge plate, should be grooved out and reinforced with a steel welding rod of specified size. The record indicates that the 1974 repair was improperly performed in that the area of the fractures had not been groved out and properly rewelded. Again, in 1977, Fruehauf recommended a repair procedure involving removal of the hinge arm from the container door and replacing it with a newly designed arm and plate welded to the original hinge plate. However, American Export did not follow the recommendation and instead substantially modified the hinges, without Fruehauf's knowledge.

On the day of the accident in 1978, the container had been stored unguarded at a pier in Brooklyn overnight. When plaintiffs were instructed to unload the container, they noticed that the right rear door was open. Prior to moving the container to the ship for unloading, plaintiffs attempted to close the door so that none of the contents would spill. As plaintiffs pushed on the door, it fell from its hinges, landing on plaintiffs.

The jury returned a special verdict which appellant aptly characterizes as "hopelessly inconsistent." The jury found that Fruehauf was "negligent in the design and manufacture of the hinges", but was not negligent in connection with its repair and modification recommendations, and did *not* "defectively design the hinges." The jury found further that the hinges were substantially modified by a third party after leaving the possession of Fruehauf, and that such modification was a proximate cause of the injury.

The jury also found that Fruehauf was not liable under the doctrine of strict products liability. To hold Fruehauf strictly liable, in accordance with the Court's instructions, the jury

would have had to find that the hinges were in an unreasonably dangerous, defective condition when they were sold.

The Trial Judge, upon the return of the verdict, noted the apparent inconsistency and stated on the record that he had instructed the jury that they could not find Fruehauf liable if they found that there had been a substantial modification of the hinge by a third party, after it left Fruehauf's control. He denied Fruehauf's application for supplementary interrogatories to clarify the verdict.

The Court had instructed the jury that they could find that there was a substantial amount of modification only if they found that replacement hinge pins were put onto the container by some third party and that the replacement hinge pins destroyed the functioning utility of the door hinges as designed by Fruehauf.

The implicit finding of the jury, that a replacement pin installed by a third party substantially modified the product rendering it unsafe, vitiates the award against Fruehauf as a matter of law. *(See, Robinson v Reed-Prentice Div., supra; Csoka v Bliss,* 168 AD2d 664.) The negligence in manufacture and design found by the jury is superceded by the third-party modification, and precludes recovery against the manufacturer. Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.