■ RICHARD X. KNIPE JR. et al., Respondents, v R-19 ASSOCIATES, Defendant, DONALD BREAULT, Respondent, KAMAN BEARING AND SUPPLY CORPORATION, Appellant, and RELIANCE ELECTRIC COMPANY, Defendant and Third-Party Plaintiff, INCOM INTERNATIONAL, INC., Defendant and Third-Party Plaintiff-Respondent, and CATHPORT INDUSTRIES et al., Defendant and Third-Party Plaintiff-Appellant. MALL AIRWAYS, INC., Third-Party Defendant-Appellant. (Action No. 1.) JAMES WELCH, Respondent, v CATHPORT INDUSTRIES et al., Appellants, et al., Defendants. (Action No. 2.) (And Another Related Action.)— Weiss, J. P. Appeals from two orders of the Supreme Court (McDermott, J.), entered July 30, 1990 and August 2, 1990 in Albany County, which, *inter alia,* denied motions by defendants Cathport Industries and Kaman Bearing and Supply Corporation for summary judgment dismissing the complaints against them in action Nos. 1 and 2.

On May 29, 1984 plaintiff Richard X. Knipe Jr. and plaintiff James Welch (hereinafter collectively referred to as plaintiffs), employees of third-party defendant Mall Airways, Inc., were injured while attempting to manually open the overhead door on an airplane hangar at the Albany County Airport. Plaintiffs were using manual ad hoc lifting equipment consisting of three chainfalls and a "come-along" in an attempt to lift the door because the electrical lifting mechanism was not operational due to mechanical defects. Knipe testified that the

lifting mechanism had been making ticking sounds several days prior to the accident. On the day of the accident, Knipe opened the cover of the transmission and observed that the oil was full of metal shavings and that the teeth on the main gear were almost gone. At the time the accident occurred, plaintiffs and other workers had begun the manual operation by pulling on the chains. The equipment used by plaintiffs had a total rated capacity of 4.5 tons plus a safety factor of approximately two additional tons. One of the chains "had run out of travel" and plaintiffs, using a stepladder, had climbed on to the partially raised door intending to somehow release the tension on the chain. The door fell shut, causing plaintiffs to fall to the ground.

Plaintiffs each commenced separate actions against, among others, defendant Cathport Industries, which fabricated and installed the hangar door, and defendant Kaman Bearing and Supply Corporation, which supplied the electric motor, bearing and transmission which constituted the door-lifting mechanism. Cathport and Kaman now appeal the denial of their motions for summary judgment dismissing the complaints against them in the two actions. Mall Airways appeals from the grant of motions for summary judgment by defendant and third-party plaintiff Incom International, Inc., the manufacturer of the gears and transmission, and defendant Donald Breault, the electrician employed to provide temporary electric service to the hangar.

Cathport and Kaman contend that the activities of plaintiffs in attempting to manually open the hangar door were intervening and superseding causes of the accident which severed any alleged negligence relating to the defective transmission device. We disagree. Plaintiffs have made a sufficient showing to raise an issue of fact as to whether it was foreseeable that the electric opener system would fail and that the heavy hangar door would have to be manually opened (see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs., 72 NY2d 632). The electric opener system was installed without a brake which was on back order and which could have held the door open. It was predictable that the door would have to be used to gain access to the hangar for airplane maintenance service by plaintiffs' employer.

Moreover, plaintiffs' acts have not been shown to be extraordinary. The record reveals that Cathport's representative recommended the use of two chainfalls with a three or four-ton capacity and a 32-foot lift which could be translated into a minimum six tons of capacity. The representative also indi-

cated that the finished door would weigh in the vicinity of 11,000 to 12,000 pounds (5.5 to 6 tons), but that the door was not completely finished. The record further reveals that the weight of the unfinished door was less than six tons and that the chain falls would not have to bear the entire weight of the door. In addition, plaintiffs were only going to partially open the door enough to afford access to an airplane.

While Cathport and Kaman may not have been able to anticipate the precise manner of the accident, the general risk associated with the falling door was predictable because of the absence of a brake and, further, because of a likelihood of a transmission failure necessitating the door be opened manually. Because an accident may well have been foreseeable *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316-317), Cathport and Kaman have not precluded their liability as a matter of law.

Cathport next contends that the claim asserted under Labor Law § 240 should have been dismissed. Cathport was a subcontractor which had left the work site and was not involved with plaintiffs' work, nor did it have any supervision, authority or control over plaintiffs, the work site or the task being performed. Under these circumstances, Cathport could not be subject to liability under Labor Law § 240 *(see, Magrath v Migliore Constr. Co.,* 139 AD2d 893; *see also, Hooper v Anderson,* 157 AD2d 939, 941).

Mall Airways, while acknowledging that Breault's electrical work was not defective and that Breault had disconnected the temporary electrical connection to the door prior to the accident, contends that Breault's awareness of the defect and his awareness that others were reconnecting the motor to the electric circuit box to open the door raises an issue of fact as to his liability. We disagree. Breault was justified in relying upon the plans and specifications which he had contracted to follow unless they were so apparently defective that an ordinary builder of ordinary prudence would be placed upon notice that the work was dangerous and likely to cause injury *(see, Pioli v Town of Kirkwood,* 117 AD2d 954, 955, *lv denied* 68 NY2d 601). The record fails to demonstrate the presence of an issue of fact as to whether the defect was apparent to Breault when he wired the circuit box and temporarily connected the electric motor to the box, or that there existed a duty on his part to disconnect when he subsequently observed others reconnecting it temporarily to the circuit breaker *(see, Loconti v Creede,* 169 AD2d 900). Absent such showings,

Supreme Court correctly dismissed the complaint as against Breault.

Nor was it error for Supreme Court to dismiss the complaint against Incom International. Incom had no knowledge that its product would be misused or that it would be inadequate in size and capacity to operate the subject hangar door. In addition, the transmission had been substantially altered by the purchasers, again without the knowledge of Incom International (see, Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 475). Under these circumstances it could not be liable for the failure of the transmission.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied the motions of defendant Cathport Industries with regard to the fourth cause of action in action Nos. 1 and 2; motions granted to that extent and said causes of action of each complaint dismissed against said defendant; and, as so modified, affirmed.