■ PETER MICCIO et al., Appellants, v SKIDMORE COLLEGE et al., Defendants, and TROJAN HARDWARE COMPANY, INC., Respondent. (And a Third-Party Action.)—Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Brown, J.), entered March 21, 1991 in Saratoga County, which granted a cross motion by defendant Trojan Hardware Company, Inc. for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff Peter Miccio was injured while repairing a heating system for Johnson Tower, located on the campus of defendant Skidmore College in Saratoga County. The heating system was installed in 1960. Defendant Trojan Hardware Company, Inc. was the plumbing contractor that installed the plumbing and heating system pursuant to plans and specifications provided by defendant D.W. Troy Associates (now known as Troy King, Inc.), which provided mechanical and electrical engineering services in connection with the construction of Johnson Tower. The general contractor was defendant Wade Lupe Construction Company, Inc. and the project architect was O'Neill, Ford & Associates (now known as Ford, Powell & Carson, Inc.). The causes of action against Trojan are couched in terms of negligence, breach of warranty and strict products liability. Plaintiffs' bill of particulars alleges that Trojan, which installed the pipes, valves and gauges of the heating system, failed to recognize and correct the lack of space in the mechanical room for safe maintenance of the heating equipment, that it placed valves too near the heat exchange and failed to correct the absence of in-line strainers. Trojan's answer denied any defect in the hardware installed and alleged that Miccio's negligence was the sole cause of the accident.

Trojan eventually moved for summary judgment dismissing

the complaint and all cross claims against it. Its supporting affidavits indicated that it had nothing to do with the design of the heating system, that it supplied materials for the heating unit as required by the plans and specifications prepared by others, and that the materials supplied were not defective. Supreme Court granted Trojan's motion, finding that the affidavit of plaintiffs' expert was speculative as to possible design defects and that Trojan had no obligation as to the design of the system, and that plaintiffs' answering papers assign fault to inadequate design and not to defective materials, thus not implicating Trojan. This appeal by plaintiffs ensued.

There should be an affirmance. Upon a summary judgment motion, Supreme Court must determine if an issue exists requiring resolution by a finder of fact. If no issue of fact is found to exist, summary judgment will be granted to the movant. Where a defendant has made a prima facie showing of entitlement to summary judgment, the burden shifts to the plaintiff to produce sufficient proof in admissible form to demonstrate the existence of a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). The concepts of liability applicable to a subcontractor who installs a heating system designed by others are as enunciated in *Sukljian v Ross & Son Co.* (69 NY2d 89) (see, *Perazone v Sears, Roebuck & Co.*, 128 AD2d 15, 20). The tort liability of the contractor is governed by ordinary principles of negligence. We find that plaintiffs failed to meet their burden here as they neglected to specify the nature of Trojan's alleged negligence and to produce legally sufficient evidence to support their allegations. Summary judgment was therefore properly granted to Trojan dismissing all claims against it.

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.