■ PETER MICCIO et al., Respondents, v WADE LUPE CONSTRUCTION COMPANY, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [615 NYS2d 513] —Mikoll, J. P. Appeal

from an order of the Supreme Court (Brown, J.), entered December 9, 1993 in Saratoga County, which denied a motion by defendant Wade Lupe Construction Company, Inc. for summary judgment dismissing the complaint and all cross claims against it.

On March 24, 1982 plaintiff Peter Miccio (hereinafter Miccio) was injured by the sudden release of steam and hot water while he was repairing a heating system for Johnson Tower, a dormitory on the campus of Skidmore College in the City of Saratoga Springs, Saratoga County.[1] Johnson Tower was constructed in 1960 pursuant to a contract between the New York State Dormitory Authority (hereinafter SDA) and defendant Wade Lupe Construction Company, Inc. (hereinafter Wade), the general contractor. Defendant Ford, Powell & Carson, Inc. (hereinafter Ford), formerly O'Neil, Ford & Associates, developed the plans and specifications for the project. The heating system plans were developed by defendant D. W. Torry Associates (hereinafter Torry), now Torry King, Inc.[2] A subcontractor, defendant Trojan Hardware Company, Inc. (hereinafter Trojan), actually installed the heating system. Miccio was an employee of third-party defendant Honeywell, Inc., the firm hired to maintain and service the heating system.

Plaintiffs commenced the instant action seeking money damages for personal injury and loss of services against Wade, Ford, Torry, Trojan, defendant Skidmore College and defendant Feigenspan & Pinell Consulting Engineers, Inc. The action against the last-mentioned defendant was discontinued. Wade, Torry, Ford, Skidmore and Trojan answered. Discovery was had and Ford and Trojan moved for summary judgment dismissing the complaint against them. Supreme Court ruled, *inter alia,* that there was no evidence that Trojan supplied the defective device which caused Miccio's injury, that Trojan's only duty was to supply material as required by the plans and specifications produced by others, and, *inter alia,* granted summary judgment to Trojan. This judgment was affirmed (*Miccio v Skidmore Coll.,* 180 AD2d 983).

Thereafter Wade moved for summary judgment dismissing the complaint and all cross claims against it. Plaintiffs, Honeywell, Ford and Torry opposed Wade's motion. Plaintiffs

1. See, Miccio v Skidmore Coll. (180 AD2d 983) where additional facts are stated.

2. Torry was identified a D. W. Troy Associates and designated Troy King, Inc. in *Miccio v Skidmore Coll.* (180 AD2d 983, *supra).*

indicated that all remaining parties except Wade subsequently settled with them. Supreme Court denied Wade's motion in an order and Wade appeals.

Wade argues that the prior judgment and affirmance in *Miccio v Skidmore Coll. (supra)* finding its subcontractor, Trojan, not negligent renders it, as general contractor, not negligent under the "law of the case" doctrine because the allegations against Trojan and it were identical. This argument lacks merit. The doctrine of "law of the case" is not applicable here. Supreme Court's decision in the prior action involving only Trojan's liability was grounded on the fact that plaintiffs failed to submit proof to overcome Trojan's prima facie showing that Trojan was not liable. There was no proof presented by Trojan on its motion that Wade had no liability to Miccio. The obligations of subcontractor and general contractor fundamentally differ *(see, Miccio v Skidmore Coll., supra,* at 984; *see also, Sukljian v Ross & Son Co.,* 69 NY2d 89). Wade, as general contractor, was bound by ordinary principles of negligence *(see, Miccio v Skidmore Coll., supra,* at 984). Wade had both contractual obligations to SDA, as builder, including obligations to Miccio, to perform all work and furnish supplies for the project in a good and workmanlike manner, and a duty to exercise reasonable care to reject plans and specifications patently defective. Questions of fact exist as to whether Wade breached its duties under the contract to construct the project in a satisfactory manner or failed to reject patently defective plans.

Wade's contention that Supreme Court erroneously denied its motion for summary judgment because a contractor cannot be held liable for the negligent design or construction of a project where the plans and specifications relied upon were furnished by the owner or architect is rejected. Here, there is admissible evidence presented through the affidavit of plaintiffs' expert witness, Curtis Wilsey, a licensed professional engineer, that there were design defects in the contract specifications and that a reasonable and prudent contractor would not have installed or permitted the installation of the heating system so designed. A trier of the fact could conclude that the plans and specifications furnished under the contract were so patently defective that an ordinary builder of ordinary prudence would be placed upon notice that the work was dangerous and likely to cause injury *(see, Knipe v R-19 Assocs.,* 177 AD2d 750; *see also, Pioli v Town of Kirkwood,* 117 AD2d 954, 955, *lv denied* 68 NY2d 601). Further portions of the contract between SDA and Wade demonstrate Wade's duty. As ques-

tions of fact exist requiring trial, Wade's motion was properly denied.

Mercure, Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.