■ ANNETTE PERRINO, Individually and as Administratrix of the Estate of PASQUALE PERRINO, Deceased, Respondent, v BIMASCO, INC., et al., Respondents, and ASTEC INDUSTIRES, INCORPORATED, Defendant and Third-Party Plaintiff-Appellant. SUFFOLK ASPHALT MATERIAL CORP., Third-Party Defendant-Respondent. [625 NYS2d 625] —In an action to recover damages for personal injuries, etc., based on, *inter alia,* negligence, breach of warranty, and strict products liability, the defendant Astec

Industries, Incorporated, appeals from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated January 19, 1993, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents, the motion of the defendant Astec Industries, Incorporated, is granted, and the complaint and all cross claims are dismissed insofar as they are asserted against it.

The Supreme Court erred in denying the motion for summary judgment of the defendant Astec Industries, Incorporated (hereinafter Astec). Pursuant to a March 4, 1987, agreement between Astec and Suffolk Asphalt Material Corp. (hereinafter Suffolk Asphalt), the employer of the decedent Pasquale Perrino, Astec agreed to design, manufacture, and install certain equipment which was to be added to Suffolk Asphalt's existing asphalt plant; to provide engineering analysis, design, and instruction to facilitate the efficient and effective operation of the new equipment it manufactured and sold to Suffolk Asphalt; and to provide a serviceman for technical assistance in the erection and start-up of the new Astec equipment. Pursuant to the agreement, Suffolk Asphalt agreed to provide certain equipment necessary for the operation of the new Astec equipment, including hot oil piping and any items not specified in the agreement.

During the first week of June 1987, while Astec was installing and erecting the new equipment, Fred Wallenquest, Suffolk Asphalt's President, the apparent manager of Suffolk Asphalt, and a scale master for and manager of the defendant Bimasco, Inc., determined that the location of existing steel-jacketed return lines which circulated hot oil to heat the asphalt, would prevent the installation of the new drag conveyor manufactured by Astec. As a result, Wallenquest directed Suffolk Asphalt employees to remove the existing steel-jacketed return lines and to replace them with a flexible hose. On June 12, 1987, after the installation of the Astec equipment, the decedent utilized a propane torch to heat the flexible hose to soften asphalt which had hardened inside. During this process, the flexible hose either ignited or melted, engulfing the decedent in flames causing his injuries and subsequent death.

Contrary to the plaintiffs' claims, we find no basis for imposing liability on Astec under theories of negligent super-

vision, negligent failure to warn, strict products liability based on design defect or failure to warn, breach of warranty, or under Labor Law §§ 200, 240 (1), and § 241 (6). The equipment designed, manufactured, supplied, and installed by Astec is not alleged to have been defective and, under the agreement between it and Suffolk Asphalt, Astec was not obligated to design, manufacture, or install anything other than the specified new equipment. As a result, we find no basis for imposing liability on Astec under theories of strict products liability based on a design defect or a failure to warn *(see, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 297-298; *Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532-533; *Sullivan v Joy Mfg. Co.,* 70 NY2d 806, 807-808; *Schumacher v Richards Shear Co.,* 59 NY2d 239, 244; *Persichilli v Triborough Bridge & Tunnel Auth.,* 21 AD2d 819; *Ayala v V & O Press Co.,* 126 AD2d 229, 233; *Hansen v Honda Motor Co.,* 104 AD2d 850, 851; *Munger v Heider Mfg. Corp.,* 90 AD2d 645).

Similarly, we find no triable issues of fact with respect to the claims of negligent supervision or negligent failure to warn. The Astec serviceman was not present when Wallenquest directed Suffolk Asphalt employees to remove and replace the existing hot oil piping and the Astec serviceman was not obligated by the agreement to install, supervise, or control work on pre-existing equipment. Nor was he present during the following week when the decedent heated the flexible hose with a propane torch, and there is no evidence in the record that the Astec serviceman saw, knew, or discussed the fact that the flexible hose was being utilized in conjunction with the pre-existing equipment or was being heated by a propane torch *(see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 551; *Schumacher v Richards Shear Co.,* 59 NY2d 239, 246, *supra; Knipe v R-19 Assocs.,* 177 AD2d 750; *Brooks v Gatty Serv. Co.,* 127 AD2d 553, 554-555; *compare, Rosenberg v Schwartz,* 260 NY 162; *Forelli v Pratt Inst.,* 181 AD2d 856; *Hall v Miller & Assocs.,* 167 AD2d 688; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). The causes of action to recover damages for breach of express and implied warranties must be dismissed in light of the clear terms of the agreement and because there is no evidence that Astec manufactured a defective product *(see, Elsroth v Johnson & Johnson,* 700 F Supp 151, 158; *Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407; *Micallef v Miehle Co. Div.,* 39 NY2d 376, 382).

Finally, since the decedent's injuries and death resulted from heating the flexible hose with a propane torch, we find no basis to impose liability under Labor Law § 240 (1) which

concerns the "effects of gravity" and risks of elevation at a worksite *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513-514; *Root v County of Onondaga,* 174 AD2d 1014). In light of the absence of evidence concerning the Astec serviceman's control, supervision, knowledge, or notice of the work at issue, there is no basis for imposing liability on Astec pursuant to Labor Law §§ 200 and 241 (6) *(see, Russin v Picciano & Sons,* 54 NY2d 311, 318; *Knipe v R-19 Assocs.,* 177 AD2d 750, *supra; Hooper v Anderson,* 157 AD2d 939). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.