■ ROGER L. JENNINGS, Appellant, v CITY OF GLENS FALLS INDUSTRIAL DEVELOPMENT AGENCY, Respondent. [761 NYS2d 693] —Rose, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered November 6, 2002 in Warren County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In 1985, the parties entered into a sale and leaseback agreement with plaintiff conveying certain real property to defendant in exchange for financial assistance in constructing and

operating a manufacturing business on the property. The parties' lease required plaintiff to make monthly payments on the resulting bank loan and payments in lieu of taxes (hereinafter PILOTs) as specified in an ancillary agreement. That agreement provided that nonpayment would constitute a default under the lease. The lease also gave plaintiff, if he were not in default, the option of purchasing the property by paying the remaining balance on the loan, all other amounts due under the lease, certain expenses of defendant and one dollar. The option further required plaintiff to give defendant 10 days' written notice of its exercise.

Plaintiff made PILOTs through December 1996, paid off the loan in September 1997, and thereafter used the property without making any further PILOTs, which were by then equal to the taxes that would have been assessed and due. In 2000, plaintiff was notified that the property would not be reconveyed to him unless he paid all PILOTs, penalties and interest then owing. Plaintiff then commenced this action, alleging that he had sent a letter exercising his option to purchase the property in September 1997, that his exercise of the option terminated his obligation to make further PILOTs and that defendant's refusal to reconvey was a breach of the lease. Defendant counterclaimed and moved for summary judgment. Finding the pertinent facts to be undisputed, Supreme Court granted defendant's motion, prompting this appeal. We affirm.

Plaintiff's challenge to defendant's affidavits as being by persons lacking personal knowledge of the facts is unavailing, for such affidavits were an appropriate vehicle to convey the facts contained in the accompanying documents (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). The affidavits and documents submitted by defendant established the elements of its counterclaims that plaintiff failed to make the PILOTs which became due after December 1996, that this failure constituted a default under the lease, that this default both precluded plaintiff from exercising the option to purchase and prevented the lease's termination when he paid off the loan, and that plaintiff did not exercise the option or pay the amounts necessary to obtain the property's reconveyance. Inasmuch as we find the facts material to defendant's counterclaim to be supported by the record, we agree that defendant met its initial burden of demonstrating entitlement to judgment as a matter of law (*see Miccio v Skidmore Coll.*, 180 AD2d 983 [1992]).

In opposing the motion, plaintiff submitted a copy of the letter in which he allegedly exercised the lease option. The letter

is no evidence of such an exercise, however, because it was not addressed to defendant and did not mention the option. Nor did plaintiff allege that he tendered the amounts necessary to exercise the option. Under the terms of the lease, the failure to exercise the option meant that the lease did not terminate and plaintiff continued to be bound by its terms, including the obligation to make PILOTs. This omission, together with his failure to claim that he made the PILOTs that came due in 1997, and continuing through the present, render plaintiff's opposing papers insufficient to defeat defendant's motion for summary judgment.

While plaintiff's further contentions have been considered and found to be without merit, we do not find that Supreme Court abused its discretion by denying defendant's application for sanctions.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.