■ ROGER L. JENNINGS, Appellant, v CITY OF GLENS FALLS INDUSTRIAL DEVELOPMENT AGENCY, Respondent. [780 NYS2d 672]—

Rose, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 14, 2004 in Warren County, which, inter alia, denied plaintiff's motion to compel defendant to accept payment of certain funds.

The facts underlying this action may be found in our prior de-

cision (305 AD2d 962 [2003], *lv denied* 100 NY2d 511 [2003]), wherein this Court affirmed the granting of summary judgment to defendant and an order requiring plaintiff to vacate certain premises unless he paid a specified amount to defendant. When defendant later had him removed from the property because he had not yet paid it, plaintiff moved for an order compelling defendant to accept his payment and reconvey title. Rejecting plaintiff's claims that he tendered full payment during a stay pending appeal which extended his time to pay, Supreme Court denied plaintiff's motion. Plaintiff now appeals.

While defendant agreed to, and did, forebear enforcement of the earlier order during plaintiff's prior appeal, we find no support in the record for his argument that a stay arose pursuant to CPLR 5519 (a) (6). It is clear that no Supreme Court Justice approved an undertaking or issued an order staying enforcement. Plaintiff also does not allege that he posted an appeal bond or deny that the funds he now describes as an undertaking were deposited in a bank account controlled by his own corporation. Also unsupported are plaintiff's allegations that the earlier order afforded him 15 days to make payment and he timely tendered payment in full.

Nor do we find merit in plaintiff's claim of an equitable mortgage on the property. This contention is contrary to plaintiff's argument on his prior appeal and, in any event, res judicata precludes the litigation of this issue now because it could have been raised in previously concluded litigation (*see Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 884 [2004]). Finally, in the exercise of discretion, we deny defendant's request for sanctions for a frivolous appeal.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.