■ 6014 ELEVENTH AVENUE REALTY, LLC, Appellant, v 6014 AH, LLC, et al., Respondents. [979 NYS2d 686]—

In an action, inter alia, for ejectment from real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 8, 2012, as denied that branch of its motion which was for summary judgment on its cause of action for ejectment of the defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

In January 2006, the plaintiff, as landlord, entered into a lease pursuant to which it leased the second and third floors of the subject property to the defendant 6014 AH, LLC (hereinafter 6014). The lease gave 6014, among other things, the right to sublet the subject property and an option to lease the first floor of the subject property from the plaintiff. In order to exercise this option, the lease required, inter alia, that 6014 provide the plaintiff with written notice that it was exercising its right. The lease further stated that after the option was exercised, the parties would execute a lease modification. After signing the lease, 6014 made certain renovations to the subject property and sublet the second and third floors.

After a dispute over the payment of rent, the plaintiff commenced this action against, among others, 6014 and its principal, Alexander Hirsh, also known as Alexander Hirsch

(hereinafter together the AH defendants), alleging, inter alia, that 6014 had exercised the option to lease the first floor of the subject property and that it had defaulted upon its rent obligations. The plaintiff subsequently amended the complaint, adding the subtenants of the subject property as defendants and adding a cause of action against all defendants for ejectment from the subject property. The plaintiff then moved, inter alia, for summary judgment on its cause of action for ejectment.

The plaintiff did not demonstrate its prima facie entitlement to judgment as a matter of law on its cause of action for ejectment since it failed to establish that 6014 had defaulted upon its obligation to pay rent under the lease. In its initial moving papers, the plaintiff attempted to demonstrate that 6014 had defaulted upon its rent obligations by submitting the affidavit of the plaintiff's principal, who stated that 6014 had exercised its option to lease the first floor of the subject property and was responsible to pay rent for the first floor as well as the second and third floors. However, the plaintiff did not produce any documentation to demonstrate that 6014 effectively exercised its option in accordance with the specific requirements set forth in the lease. Nor did the plaintiff produce any proof that 6014 was otherwise obligated to pay rent for the first floor (see generally Jennings v City of Glens Falls Indus. Dev. Agency, 305 AD2d 962 [2003]). In its reply papers, the plaintiff submitted a second affidavit from its principal in which he attempted to demonstrate that 6014 defaulted on its rent obligations even without including the rent from the first floor. However, to meet its prima facie burden, the plaintiff could not rely on the second affidavit from its principal, which was improperly submitted for the first time in its reply papers (see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 525 [2012]; Sawyers v Troisi, 95 AD3d 1293, 1294 [2012]; Lenox Hill Hosp. v Government Empls. Ins. Co., 89 AD3d 905, 905 [2011]).

As the plaintiff did not sustain its prima facie burden, the adequacy of the AH defendants' papers submitted in opposition need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on its cause of action for ejectment of the defendants.

The plaintiff's remaining contention is improperly raised for the first time on appeal, and therefore, is not properly before this Court (see Spitzer v Landau, 104 AD3d 936, 937 [2013]; Shilkoff v Longhitano, 94 AD3d 974, 977 [2012]). Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.