ALICE RYAN, as Administratrix of the Estate of EDWARD F. RYAN, Deceased, Appellant, *v.* THE FEENEY AND SHEEHAN BUILDING COMPANY, Respondent.

**Negligence — when building contractor justified in relying upon plans and specifications — when not liable for death through fall of part of building by reason of defect in plans.**

1. A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury.

2. Defendant, a building contractor, which constructed a building and canopy according to plans and specifications furnished it, is not liable for the death of plaintiff's intestate who was killed by the fall of the canopy under the weight of a heavy fall of snow after the defendant's work was finished and accepted, in the absence of evidence that the plans and specifications were so obviously defective that a contractor of average skill and ordinary prudence would not have attempted the construction according to the plans. The fact that after the accident experts on examining the plans found the supports improper and insufficient was not enough to hold the defendant liable.

*Ryan* v. *Feeney & Sheehan Building Co.*, 208 App. Div. 757, affirmed.

(Argued October 10, 1924; decided October 21, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 28, 1924, unanimously affirming a judgment in favor of defendant, entered upon a dismissal of the complaint by the court at a Trial Term.

*James A. Leary* for appellant. The law is well settled that a contractor is liable where the plan of construction was so obviously faulty as to put a careful and competent contractor upon inquiry. (*Cochran* v. *Sess*, 168 N. Y. 372; *Hardie* v. *Boland*, 205 N. Y. 336; *Haack* v. *Brooklyn L. L. A.*, 93 App. Div. 491; *Uggla* v. *Brokaw*, 117 App. Div. 586; *Sheridan* v. *Rosenthal*, 206 App. Div. 279; *Pennsylvania Steel Co.* v. *Elmore & Hamilton*, 175 Fed.

Rep. 176; *Hollenback* v. *Hand*, 189 Fed. Rep. 929.) Obedience to orders does not exonerate defendant from liability. (*Hyde* v. *Melvin*, 11 Johns. 521; *Murphy* v. *Eidlitz*, 113 App. Div. 659; *Parsan* v. *Johnson*, 208 N. Y. 337.)

*P. C. Dugan* for respondent. No negligence was proved against the respondent. (*United States* v. *Spearin*, 248 U. S. 132; *Wanamaker* v. *City of New York*, 197 App. Div. 441; *Burke* v. *Ireland*, 166 N. Y. 305; *Filbert* v. *Philadelphia*, 181 Penn. St. 530; *Daegling* v. *Gilmore*, 49 Ill. 248; *Holland* v. *Union Co.*, 68 Iowa, 56; *Clark* v. *Pope*, 70 Ill. 128; *Curtin* v. *Somerset*, 140 Penn. St. 70; *Fidelity Tile Co.* v. *Du Bois El. Co.*, 253 U. S. 215; *First Presbyterian Cong.* v. *Smith*, 163 Penn. St. 561.)

CRANE, J. While the judgment in this case must be affirmed, we prefer to place our decision on other grounds than those stated by the Appellate Division.

The defendant constructed a building and a canopy according to plans and specifications furnished it by the United States government and its duly authorized architect. The defendant was a builder; it was not an architect. The contract provided:

" EXTENT OF THE WORK. The Contractor shall in the shortest possible time, furnish the labor, material, tools, machinery, equipment, facilities, and supplies, and do all things necessary for the construction and completion of the following work:

" *Quartermaster Interior Storage Depot at South Schenectady, New York.*

in accordance with the drawings and specifications to be furnished by the Contracting Officer, and subject in every detail to his supervision, direction and instruction.

" The Contracting Officer may, from time to time, by written instructions or drawings issued to the Contractor, make changes in said drawings and specifications, issue additional instructions, require additional work, or direct

1924.]         Opinion, per CRANE, J.         [239 N. Y. 43]

the omission of work previously ordered, and the provisions of this contract shall apply to all such changes, modifications, and additions with the same effect as if they were embodied in the original drawings and specifications. The Contractor shall comply with all such written instructions or drawings."

The architect and the government officers employed upon the work were the ones who knew or should have known about the strength of iron supports and braces and the proper angles at which they should be placed. It is conceded that the defendant fully complied with the plans and specifications as it was required to do. The canopy fell down because the supporting irons or braces did not have sufficient spread or were fastened at too low an angle with the base. How was an ordinary contractor or builder to know this? The matter was for the engineers and architects to determine and design. The builder's experience might have suggested that another construction would have been better but it was not its judgment on these matters which was to be taken, and it was justified in relying upon the experience and skill of the architect and supervising engineer.

The evidence in the case given by the experts after the accident is that the fastening was not proper. Following is the evidence upon the subject:

" Q. I wish you would look at this plan in question, Defendant's Exhibit 2.

" [Witness examines it.]

" Q. You have looked at it now? A. Yes, sir.

" Q. I ask you if that plan was proper for the construction of that canopy taking into consideration the size of the rod, the weight of the canopy, the distance apart of the rods and the manner in which the rod was welded to the plate at the end? A. In my opinion it is improperly constructed.

" Q. That is obvious to you looking at that plan? A. Yes, sir."

There was nothing to show that the plans and specifications were so obviously defective that a contractor of average skill and ordinary prudence would not have attempted the construction according to the plans. This is the rule to be applied. A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury. Such was not the case here.

In *Hardie* v. *Boland* (205 N. Y. 336) the plaintiff's intestate while standing upon a scaffold was killed by being thrown from the scaffold by the collapse of a chimney. The contractor was erecting the chimney in accordance with plans made by architects who were employed by the owners. The court said: "The fall of the chimney in these circumstances may be *prima facie* evidence of the negligence of the architects, but it cannot support a charge of negligence against the defendant, unless supplemented by proof showing that the plan was so obviously defective that a contractor of average skill and ordinary prudence would not have attempted the construction according to the plan." (p. 339.) A charge reading as follows was held correct: "The contractor is presumed to know his business. But unless the defect was such a defect as he ought to have realized and known about it, which he ought to have anticipated and thus have avoided the injury, then there is no negligence even though the chimney fell." (p. 341.)

Owing to a strain on the supporting rods some timbers "kicked out," but Major Smith, who was in charge of the construction for the government, and a Mr. Grimm, the government's supervising engineer, decided to put tie straps on. The defendant made these changes or additions as it was obliged to do by its contract.

The defendant's work was finished and accepted by

the government in January, 1919.   The fall of the canopy, which killed plaintiff's intestate, occurred March 29, 1919.   At the time there had been a heavy fall of snow which drifted back on the canopy three feet high in places.

Under these circumstances, the case is lacking of any evidence that a contractor using ordinary care could or should have known that the government and its officers were ordering him to construct a dangerous and unsafe canopy.   The fact that after the accident experts on examining the plans found the supports improper and insufficient was not enough to hold the defendant liable. The defects if any should have been so glaring and out of the ordinary as to bring home to the contractor that it was doing something which would be likely to cause injury.   In this case it was justified in relying on the architect and the government engineers for the strength and angles of the braces or supporting rods.   This rule of liability has been applied in other cases.   (*Burke* v. *Ireland,* 166 N. Y. 305; *John Wanamaker* v. *City of New York,* 197 App. Div. 441; *Daegling* v. *Gilmore,* 49 Ill. 248; *Curtin* v. *Somerset,* 140 Penn. St. 70.)

Because the contract was made during the war and recited that a national emergency existed which required expeditious results, the Appellate Division was of the opinion that the defendant was relieved of all liability and that the death of Edward F. Ryan, a government employee, was due to one of the hazards of war.   To what extent acts of the government may excuse a contractor for injury done to persons or property of strangers need not now be discussed as we rest our decision on the point above expressed.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and LEHMAN, JJ., concur; ANDREWS, J., concurs in result.

Judgment affirmed.