EVANGELISTA CORTEZ, Respondent, *v.* SLADON IRON WORKS CO., INC., Appellant.

First Department, November 27, 1925.

Negligence — action for personal injuries — defendant was subcontractor on building having work of installing iron girders in holes in walls prepared by general contractor — after girder was placed in position according to plans, wall beneath girder crumbled and plaintiff was injured — verdict for plaintiff against weight of evidence — complaint charges that through defendant's negligence girder fell onto plaintiff — evidence shows that girder fell because of weakness of wall and that it did not strike plaintiff — evidence does not support complaint — negligence cannot be predicated on mere fact that place where girder was put was not in accordance with plans approved by building department.

In an action to recover for personal injuries alleged to have been suffered by the plaintiff when an iron girder fell, in which it appears that the defendant was a subcontractor on a building whose work consisted of placing the girders in the walls in holes prepared for them by the general contractor, and that after the girder in question was placed, the wall beneath it crumbled and the girder fell, a verdict in favor of the plaintiff is against the weight of the evidence.

Evidence that the girder was caused to fall by the wall crumbling beneath it, and that it did not strike the plaintiff, does not support the complaint which, alleges that the defendant so negligently, maliciously and recklessly conducted itself as to cause and permit an iron girder to fall upon the plaintiff. Such evidence would be admissible only in case the complaint alleged that the girder was set in a place prepared for it by others and that such place was so apparently defective that a person of ordinary prudence engaged in the business of placing like girders would be put upon notice that the work was dangerous and likely to cause injury.

Negligence cannot be predicated on the mere fact that the hole in the wall prepared for the girder by the general contractor was not in a place specified in the plans which had been approved by the building department, for the subcontractor

had the right to follow the plans furnished him, unless they were so obviously unsafe and so apparently defective as to put an ordinary building contractor on notice that it would be unsafe to follow them.

APPEAL by the defendant, Sladon Iron Works Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of June, 1924, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 12th day of June, 1924, denying defendant's motion for a new trial made upon the minutes.

*Grattan B. Shults* [*Theodore H. Lord* of counsel; *G. Everetts Hunt* with him on the brief], for the appellant.

*Joseph Jeromer* [*Walter L. Glenney* of counsel], for the respondent.

FINCH, J.:

This is an action founded in negligence, claiming damages for personal injuries. At the trial the plaintiff obtained a verdict from the jury. The defendant contends that the verdict is against the weight of the evidence and that there are prejudicial errors which entitle him to a new trial.

One Brown had a contract to make certain alterations in a building. He entered into a subcontract with the defendant whereby the defendant undertook to install certain iron girders in the building. One of these girders was placed by the defendant across the building, from wall to wall, in holes made in either wall to receive the ends of the girder. These holes were prepared by Brown, the general contractor. Under the contract between the general contractor and the defendant, the latter's obligation was simply to place the girder in position and anchor the same. Some days after the girder had been set in position by the defendant, as aforesaid, a portion of the wall underneath one end of the girder crumbled and the plaintiff was injured. The question involved is whether the defendant was shown to have been guilty of negligence.

A reading of the record discloses that the verdict is against the weight of the evidence. In addition, for the following reasons, there must be a new trial:

*First,* the case was submitted to the jury on a theory of liability which was not pleaded in the complaint. The only allegation of negligence in the complaint is that stated in paragraph 4, which is as follows: " That on or about the 14th day of March, 1923, while plaintiff above named was so employed at 152–154 West 44th Street, in the Borough of Manhattan, City of New York, the defendant above named so negligently, carelessly and recklessly

conducted itself in that it caused and permitted an iron beam or girder to fall upon the plaintiff and others lawfully in the building, striking him and causing him to sustain injuries." Under this allegation the plaintiff was permitted by the court to offer proof that the negligence which caused the injury was the setting of the girder in an unsafe place causing the wall to crumble from the weight of the girder and the structures that were built above it, several days after the girder had been placed in position. There is no allegation that the girder was set in the place prepared for it by others and that such place was so apparently defective that an ordinary person of ordinary prudence engaged in the business of placing like girders would be put upon notice that the work was dangerous and likely to cause injury. On the contrary, the language used conveys the meaning that while handling the girder the defendant so negligently conducted itself as to cause the girder to fall. This is borne out by the allegation in the last line of this paragraph, " striking him and causing him to sustain injuries." There is no dispute that several days after the girder had been set and structures had been built upon it, one end fell for a distance of two or three feet at a point where a portion of the wall underneath the girder had been cut away for the insertion of grillage beams to afford additional support to the girder. The end falling came to rest on the wall beneath the cut. The girder did not strike the plaintiff. Judged by the language of the complaint, upon which the defendant has the right to rely, it is evident that when the complaint was drawn the liability in the mind of the pleader was not that attempted to be proven at the trial. As the record comes to us, the defendant stood on the allegations of the complaint and has an exception. Hence, on the theory of the action set forth in the complaint, no evidence of any negligence was presented to the jury.

*Second,* the admission in evidence of testimony that the girder was placed by the defendant at the direction of the general contractor in a portion of the wall which was not that shown on the plan as passed by the building department was not evidence of negligence on the part of the defendant and its admission was prejudicial to the defendant, and compels the granting of a new trial upon this ground also. It appears in the record that the defendant examined the plans so as to prepare itself to bid on the iron work in competition for the subcontract, but there is no evidence in the record that the defendant knew that the change had not been duly authorized by the building department, or that the plan as changed was so apparently defective as to put an ordinary builder or contractor upon notice that it would be unsafe to follow the

same. It is clear that when the defendant caused the girder to be put in the place directed by the general contractor, it had performed its duty, and that no negligence could be predicated as against it upon the fact that no permit for the change in the plans had been issued. If this were otherwise, then every sub-contractor working under a general contractor would be an insurer that every change in the plans connected with the work had been properly made, which would impose upon him an obligation that belongs not to him, but to others engaged in the work. In the absence of evidence that the plans which the defendant was directed to follow were obviously unsafe to an ordinary builder or contractor, the defendant was entitled to rely on the plans. As was said by CRANE, J., in *Ryan* v. *Feeney & Sheehan Building Co.* (239 N. Y. 43, 46): " A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury."

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.