■ GEORGE PIOLI, Appellant, v TOWN OF KIRKWOOD, Defendant, and GORICK CONSTRUCTION COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. HENRY ROMERO, Third-Party Defendant. (And Another Related Action.)—Main, J. P. Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered December 11, 1984 in Broome County, which granted the motion of defendants Gorick Construction Company, Inc., and Alfred F. Gorick for summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.

Plaintiff received multiple injuries when the motor vehicle in which he was riding went out of control, became airborne and crashed into a bridge abutment at the intersection of Crescent Drive, a State highway, and Francis Street, a Town of Kirkwood highway, in Broome County. As a consequence, plaintiff commenced this action against defendant Town of Kirkwood, defendant Alfred F. Gorick, individually and doing business as Gorick Construction (Gorick), and defendant Gorick Construction Company, Inc. (Gorick, Inc.) to recover for the injuries received in the accident. Gorick and Gorick, Inc., made a motion for summary judgment which was granted by Special Term, and plaintiff appeals.*

On a motion for summary judgment, if the moving party presents evidence tending to show that no triable issue of fact exists, the party opposing the motion has the obligation of presenting evidence which demonstrates that a material issue of fact exists that can only be decided by a trial (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12; see, Shaw v Time-Life Records, 38 NY2d 201). Plaintiff's cause of action against Gorick and Gorick, Inc., is based upon his allegation that they designed and constructed the major portion of the intersection

* A similar motion was made in the companion case of Pioli v Town of Kirkwood (113 AD2d 59), in which this court affirmed Special Term's denial of defendant Town of Kirkwood's motion for summary judgment.

and installed its drainage system. However, evidence was produced by defendants showing that the intersection was constructed in 1964 by Gorick under contract with the State Department of Public Works and was built pursuant to and in accordance with State plans and specifications and under the direction and control of a State engineer. Moreover, additional work, not performed by Gorick and Gorick, Inc., was carried out in 1979.

Prefatorily, inasmuch as Gorick, Inc., did not come into existence until almost two years subsequent to the completion of the contract, the action against it was properly dismissed. As for the claim against Gorick, it has been long established that: "A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" *(Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46)*. Hence, plaintiff was required to come forward with evidence to show that there was a material question of fact. This plaintiff failed to do. The evidence established that Gorick did not design the intersection but merely constructed it. Plaintiff failed to submit any evidence that the plans and specifications were blatantly defective and that Gorick was, therefore, unjustified in relying upon them. Accordingly, Special Term properly granted summary judgment in favor of both Gorick and Gorick, Inc.

Order and judgment affirmed, without costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.