■ JOSEPH A. LOCONTI, Individually and as Conservator of CAROL H. LOCONTI, Respondent-Appellant, v AMY R. CREEDE et al., Appellants-Respondents, and ROGER LAFONTAINE et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered December 15, 1989 in Warren County, which granted the motions of defendants Roger LaFontaine, Lena LaFontaine and A. Colarusso and Son, Inc. for summary judgment dismissing the complaint and all cross claims against them.

At about 8:30 P.M. on May 18, 1985 on Route 9 in the Town of Queensbury, Warren County, a collision occurred between a motorcycle owned and operated by plaintiff Joseph A. Loconti, and upon which his wife, Carol H. Loconti, was riding as a passenger, and a car owned by defendant Edwin P. Creede and operated by his daughter, defendant Amy R. Creede. At the site of the accident, Route 9 has two 13-foot-wide lanes, going north and south, separated by a 12-foot-wide median. Commercial establishments exist on either side of Route 9 and are separated from the roadway by five-foot-deep traffic islands. Access to the commercial establishments is provided by 45-foot-wide cuts in the curb of the islands that line the easterly and westerly edges of the roadway.

The Department of Transportation (hereinafter DOT) reconstructed this section of Route 9 in 1982. The work was done by defendant A. Colarusso and Son, Inc. (hereinafter Colarusso)

and included resurfacing, providing a white bituminous median and constructing traffic islands and curb cuts at entrances to commercial establishments. The accident occurred in front of Martha's Restaurant which is located on the west side of Route 9. Martha's is accessed by three 45-foot-wide curb cuts in the traffic islands.

Plaintiff, on behalf of himself and as conservator of his wife's property, commenced this action in February 1988 for damages resulting from personal injuries and derivative losses against Edwin Creede and Amy Creede for alleged negligent operation of the Creede vehicle; defendant Jean Webster for alleged negligent operation of her vehicle in exiting through the traffic island in front of Martha's Restaurant as the Creede automobile was attempting to enter that facility; defendants Roger LaFontaine and Lena LaFontaine, as owners of Martha's Restaurant, for alleged negligence in failing to properly control egress and ingress to their property; and Colarusso for alleged negligence in building the highway in a dangerous and defective manner.

Webster, the LaFontaines and Colarusso moved for summary judgment dismissing the complaint. Supreme Court denied Webster's motion but granted summary judgment to the LaFontaines and Colarusso. Webster appeals from the entire order while the Creedes and plaintiff appeal from that part of the order granting summary judgment to Colarusso and the LaFontaines.

Initially, we hold that Supreme Court correctly denied summary judgment dismissing the complaint as to Webster. In essence, Webster argues that her actions were not the proximate cause of the accident, or if they were, the causal link was broken by the unforeseeable acts of Amy Creede. It is well settled that there may be more than one proximate cause of a plaintiff's injuries *(see, Humphrey v State of New York,* 60 NY2d 742, 743-744). Here, the record clearly reflects a factual dispute concerning whether Webster's conduct was a proximate cause. Webster insists that her automobile did not intrude upon the southbound lane of Route 9 as she was attempting to exit from Martha's. Plaintiff and Amy Creede claim otherwise and there is proof showing that Webster's car did intrude upon the southbound lane of Route 9 at the same time the Creede vehicle turned across that lane. Such an intrusion by Webster onto Route 9 would violate Vehicle and Traffic Law §§ 1143 and 1173. If Webster's conduct placed plaintiff within the foreseeable zone of danger covered by the statutory prohibition, then liability is apparent *(see, Quiquin v*

*Fitzgerald,* 146 AD2d 894, 897). Because Webster's conduct is subject to dispute, a jury must resolve this factual issue.

Turning next to the LaFontaines, the owners of Martha's Restaurant, we conclude that Supreme Court correctly granted their motion for summary judgment dismissing the complaint as to them. The Court of Appeals in *Pulka v Edelman* (40 NY2d 781) held that an owner of a garage abutting a street has no duty to protect pedestrians from the negligent conduct of its patrons. Similarly, in the action before us, the LaFontaines, as owners of premises abutting a road, cannot, as a matter of law control the conduct of drivers leaving their premises *(see generally, Matthews v Scotia-Glenville School Sys.,* 94 AD2d 912, *lv denied* 60 NY2d 559). Thus, no duty arises from the relationship of the restaurant owners either to its patrons or to motorists where, as here, there was no opportunity for the restaurant owners to stop drivers from disregarding any precautions they might take. The *Pulka* court concluded that the imposition of a duty upon one unable to control the tort-feasor would be unreasonably burdensome *(Pulka v Edelman, supra,* at 784). Further, it was the view of the Court of Appeals that a duty to exercise care when emerging from a driveway is specifically imposed upon drivers by Vehicle and Traffic Law §§ 1143 and 1173 and the extension of that duty was beyond the limits of public policy *(supra,* at 785). Finally, on this point, there is no evidence that the La Fontaines did anything to impede the vision of persons entering or leaving their premises or that they performed any act which would create a duty where none exists. Accordingly, we see no basis upon which liability can be imposed on the LaFontaines *(see, Daversa v Harris,* 167 AD2d 810).

We also agree that Supreme Court correctly granted the motion for summary judgment in favor of Colarusso. The record reflects that Colarusso's motion papers included a copy of the contract award letter, the DOT acceptance letter approving the work done after the job was completed, and the examination before trial of Joseph Fairclough, the person in charge of the construction project for Colarusso, who indicated that Colarusso had performed the contract according to DOT specifications. Thus, Colarusso provided evidence in admissible form in support of its motion and thus complied with the requirements set forth in *Zuckerman v City of New York* (49 NY2d 557). The argument that summary relief was improperly granted is grounded on the allegation that the design defect of the curbing was the proximate cause of the accident. The Court of Appeals has held that, "[t]o carry the burden of

proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315 [citations omitted]). No such showing was made herein. A contractor is justified in following plans and specifications he has contracted to follow unless they are so defective that a builder of ordinary prudence would be put on notice that such plans, if followed, would not produce the object he was being paid to provide *(see, Ryan v Feeney & Sheehan Bldg. Co.,* 239 NY 43, 46). Here, the defects in the plan pointed out by plaintiff were not so obvious as to put Colarusso on notice that it was constructing something likely to cause injury. The record clearly shows that plaintiff failed to point out any defect in design as to put Colarusso on notice that the curbing would be dangerous as constructed *(see, Pioli v Town of Kirkwood,* 117 AD2d 954, 955, *lv denied* 68 NY2d 601).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.