◼ Arthur G. Meseck et al., Respondents, v General Electric Company et al., Appellants. (And a Third-Party Action.) [600 NYS2d 384] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Plumadore, J.), entered August 12, 1992 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

In 1978, third-party defendant Harris Corporation undertook a renovation project that involved the purchase and installation of a large electrical transformer. Defendant Hoag-Wismar Partnership (hereinafter HWP) was hired to perform architectural and engineering design services in connection with the project, including the preparation of specifications for the transformer. These specifications were approved, with a few modifications, by defendant New York State Electric and Gas Corporation (hereinafter NYSEG). Defendant General Electric Company supplied the three-phase pad-mounted transformer, in accordance with HWP's specifications, which required the inclusion of a valve for draining or sampling the oil. Although HWP did not specify a location for the valve, it was placed in the high-voltage compartment of the unit. Defendant Murnane Associates Inc., the general contractor, placed the large transformer onto the concrete pad that had been prepared for it and hired defendant William J. Murray, Inc. to perform the electrical installation. The transformer and its installation were inspected by an engineer from NYSEG before power was supplied. Several years later, at the direction of Harris Corporation, defendant Courneene's Electrical Service, Inc. installed, also within the high-voltage compartment of the transformer, three potential transformers (hereinafter PTs) for the purpose of monitoring the power coming into the transformer itself.

In 1985, plaintiff Arthur G. Meseck (hereinafter plaintiff), an employee of Harris Corporation, was directed to take a sample of oil from the transformer for testing. Although NYSEG was requested to, and did, turn off power to the transformer on all prior occasions when oil was sampled, no such request was made at this time. Plaintiff threw a switch which cut off the power to the low-voltage compartment of the transformer, but the high-voltage compartment was still energized when he proceeded to take the sample. When plaintiff leaned over the PTs to reach the sampling valve, part of his body contacted an exposed metal surface on one of the PTs and he was seriously burned.

Plaintiff, and his wife derivatively, brought this suit to recover for his injuries, alleging that all defendants were negligent, and also asserting causes of action sounding in strict products liability and breach of warranty against General Electric. After joinder of issue and discovery, all defendants moved or cross-moved for summary judgment; Supreme Court denied the motions, and all defendants appeal.

The motions of Murnane and Murray should have been granted, as no duty was breached by these parties. A contractor may justifiably rely on the plans and specifications which he has contracted to follow unless they are "so apparently defective that an ordinary builder of ordinary prudence would be placed upon notice that the work was dangerous and likely to cause injury" *(Knipe v R-19 Assocs.,* 177 AD2d 750, 752). Murnane did not have the level of electrical expertise necessary to investigate the interior of the transformer or to recognize a problem in connection therewith. Murray, on the other hand, may have had a duty to point out an obvious defect in the electrical workings of the transformer or its layout, should such a defect have been discovered in the course of Murray's work; it cannot be said, however, that the placement of the valve in question here, a design element about which expert engineers even disagree, was so manifestly dangerous as to arouse the suspicions of an ordinary electrician, hired only to connect the transformer to its power source.

With regard to all of the other defendants, plaintiff's submissions in opposition to their motions pose questions of fact precluding summary judgment. Specifically, the affidavit of plaintiff's expert, Lawrence R. Taft, an engineer, contains averments that HWP's failure to specify that the sampling valve be placed in the low-voltage compartment, General Electric's failure to so place it and NYSEG's failure to require such placement either as a condition of approval of the specifications or upon inspection of the installed transformer, were in violation of prevailing American National Standards Institute standards and NYSEG's own guidelines. Taft also opined that had the valve been placed in the low-voltage compartment, the risk of harm to plaintiff would have been reduced or eliminated. Although failure to follow industry guidelines is not conclusive evidence that reasonable care was not taken, it is some evidence of negligence and thus sufficient to raise a factual question precluding summary judgment. The disagreement by defendants' experts with Taft's opinions

merely raises a question of credibility to be resolved by the factfinder.

As for Courneene, Taft avers that its installation of the PTs was negligent in that it exacerbated the already dangerous situation created by the placement of the sampling valve. Courneene does not refute this, except by stating that the PTs had to be located in the high-voltage compartment of the transformer; it provides no explanation for its failure to suggest moving the valve or to warn of the additional danger occasioned by the nearness of the exposed parts of the PTs to the valve. Notably, Courneene's work, performed inside the transformer in close proximity to the valve, affirmatively created an increased risk; these factors serve to distinguish its position from that of Murnane and Murray.

Nor are we persuaded by the various defendants' suggestion that their conduct did not proximately cause the accident. Plaintiff's actions in entering the high-voltage compartment of the transformer while it was live, and without wearing protective clothes, defendants contend, constituted a superseding cause of the accident, relieving defendants of liability for any negligent acts on their part. While the issue of proximate cause is ordinarily for the jury to resolve, it may nevertheless be determined as a matter of law that a defendant's conduct was not the proximate cause of injury if the evidence conclusively establishes that there was an intervening act which was so extraordinary or far removed from the defendant's conduct as to be unforeseeable (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315); a plaintiff's undeniably reckless behavior has been held to constitute such an unforeseeable act (see, Kriz v Schum, 75 NY2d 25, 34). With respect to the case at hand, however, we cannot say as a matter of law that the possibility of a person entering the high-voltage area of a transformer to sample the oil without first cutting off power is not foreseeable; indeed, it is precisely the risk of this very conduct occurring which constitutes the principal reason for placing the sampling valve in the low-voltage compartment (see, Derdiarian v Felix Contr. Corp., supra, at 316). Although plaintiff's deposition testimony indicates that he was aware of the general risks of high voltage, it is far from clear that he was cognizant of the specific risk involved in what he was doing, or even that he knew that he had not averted the danger by throwing the switch. Thus, defendants have not established, at least at this juncture, that plaintiff's actions were reckless (compare, Olsen v Town of Richfield, 81 NY2d 1024, with Kriz

*v Schum,* 75 NY2d 25, 36-37, *supra; Ziecker v Town of Orchard Park,* 75 NY2d 761, 763).

Mikoll, J. P., Levine, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants Murnane Associates Inc. and William J. Murray Inc., by reversing so much thereof as denied the motions of defendants Murnane Associates Inc. and William J. Murray Inc.; said motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.