■ DEBORAH A. QUINN et al., Appellants, v NIGRO BROS., INC., et al., Respondents, et al., Defendants. [627 NYS2d 783] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated February 1, 1994, as granted the motion of the defendant Nigro Bros., Inc., for summary judgment dismissing the complaint insofar as it is asserted against it, and the cross motion of the defendant Manuel Elken Co., P. C., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Deborah Quinn sustained severe injuries in an automobile accident on the Tappan Zee Bridge at a time when the bridge was subject to lane closures necessitated by construction work on the New York State Thruway. In moving for summary judgment, the respondents established that the New York State Thruway Authority provided them with a lane closure plan and determined how it was to be implemented on the bridge. The plaintiffs' evidence to the contrary was speculative, conclusory, and incompetent, and was therefore insufficient to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, the Supreme Court properly granted the respondents' respective motion and cross motion for summary judgment dismissing the complaint insofar as it is asserted against them *(see, Loconti v Creede,* 169 AD2d 900; *Pioli v Town of Kirkwood,* 117 AD2d 954). Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.