■ ELAINE T. MORRISEAU, an Infant, by DORIS E. MORRISEAU, Her Mother and Guardian, et al., Appellants, v RIFENBURG CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent. PHELPS GUIDE RAIL, INC., Third-Party Defendant-Respondent. (And Another Related Action.) [636 NYS2d 883] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 13, 1994 in Rensselaer County, which, *inter alia*, granted the motions of defendant Rifenburg Construction, Inc. and third-party defendant for summary judgment dismissing the complaint and third-party complaint, respectively.

In December 1987, plaintiffs' vehicle collided with a vehicle owned and operated by defendant Barbara K. Cantwell at the intersection of State Routes 66 and 43 in the Town of Sand Lake, Rensselaer County. Plaintiffs thereafter commenced a negligence action against Cantwell and defendants Town of Sand Lake and Rensselaer County, with Cantwell asserting that she failed to obey the stop sign controlling that intersection because certain route signs obstructed her view of it. The intersection in question had been rehabilitated in 1987 and, as a result, plaintiff also commenced an action against the general contractor for that project, defendant Rifenburg Construction, Inc., which, in turn, commenced a third-party action against Phelps Guide Rail, Inc., the subcontractor that had installed the various route and traffic control signs at that location.

Following joinder of issue and discovery, Rifenburg and Phelps moved for summary judgment dismissing the complaint and third-party complaint, respectively, against them. Supreme Court granted the respective motions finding, *inter alia*, that inasmuch as the signs were placed pursuant to plans and specifications provided by the State Department of Transportation, neither Rifenburg nor Phelps could be held liable for any negligent design, construction or placement of the signs at the subject intersection. This appeal by plaintiffs followed.

We affirm. Even accepting as true plaintiffs' assertion that the signs in question were designed, constructed or placed in a negligent manner, plaintiffs failed to tender sufficient proof in admissible form to raise a question of fact as to the liability of either Rifenburg or Phelps in this regard.

Initially, with respect to Rifenburg, it is apparent from the record that Rifenburg simply subcontracted the signage portion of the project to Phelps and thereafter had nothing to do with the placement of signs at the intersection in question. Additionally, even viewing the evidence in the light most favorable to plaintiffs and accepting that it was Phelps' personnel who physically marked the location of and placed the signs, it is clear that such work was performed pursuant to the plans and specifications furnished by the State and under the supervision, direct or otherwise, of State officials. As such, it cannot be said that either Rifenburg or Phelps affirmatively created a dangerous condition (*cf., Gurriell v Town of Huntington*, 129 AD2d 768, 770).

Finally, it is well settled that "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46; *see, Loconti v Creede*, 169 AD2d 900, 903; *Pioli v Town of Kirkwood*, 117 AD2d 954, 955, *lv denied* 68 NY2d 601). In our view, neither Cantwell's examination before trial testimony that her view of the stop sign was "obliterated" by the posted route signs nor the unsworn traffic hazard report prepared by the State Police following an unrelated accident at the same intersection, advising that the subject stop sign was "partially obscured by highway direction signs", was sufficient to raise a question of fact in this regard. Notably absent from the record was any expert affidavit or testimony attesting to the defects alleged by plaintiffs. Accordingly, the respective motions for summary judgment were properly granted. Plaintiffs' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.