■ WILLIAM J. STEVENS, Appellant, v BAST HATFIELD, INC., Respondent. [641 NYS2d 186] —Cardona, P. J. Appeal from an order of the Supreme Court (Ingraham, J.), entered June 12, 1995 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1987, defendant contracted with the State to construct a Department of Transportation (hereinafter DOT) substation facility in the Village of Schenevus, Otsego County. The Office of General Services (hereinafter OGS) provided defendant with plans and specifications for the project as well as lists of materials to be used. The project was completed in 1988. In January 1992, plaintiff, a highway equipment operator employed by DOT, allegedly slipped and fell while descending a stairway leading from the facility's main floor to its lunchroom. Plaintiff commenced this action claiming that defendant's negligence in, *inter alia*, constructing the stairway was the cause of his injuries. After discovery, defendant moved for summary judgment and Supreme Court granted the motion. Plaintiff appeals.

Defendant, as a contractor, was bound by ordinary principles of negligence (*see, Miccio v Wade Lupe Constr. Co.*, 207 AD2d 599). It could rely on the plans and specifications it had contracted to follow only as long as they were not so apparently defective that a contractor of ordinary prudence would have been placed on notice that the work was dangerous and likely to cause injury (*see, Meseck v General Elec. Co.*, 195 AD2d 798).

Initially, we agree that defendant made a prima facie showing of entitlement to judgment as a matter of law (*see, Zucker-*

*man v City of New York*, 49 NY2d 557, 562). Its motion papers included a copy of the contract, the specifications for the stairway and a certification by OGS' engineer in charge of the project that it had been completed in accordance with all of the contract documents (*see, Loconti v Creede*, 169 AD2d 900). The burden, therefore, shifted to plaintiff to come forward with evidentiary proof sufficient to raise triable issues of fact (*see, Zuckerman v City of New York, supra*, at 562). We find that plaintiff's submissions were insufficient to defeat defendant's motion. The affidavit of plaintiff's expert, a professional engineer, stated that defendant was not justified in following the contract specifications. The expert was of the opinion that defendant should have been put on notice that the stairs, if constructed pursuant to the contract specifications, would be unsafe because of their width, steepness and tread. In our view, these statements consisted of bare conclusions (*see, Murphy v Connor*, 84 NY2d 969; *Wessels v Service Mdse.*, 187 AD2d 837). The affidavit was "wholly lacking in competent foundational data and thus entitled to no weight" (*Guldy v Pyramid Corp.*, 222 AD2d 815, 816). Defendant's motion was, therefore, properly granted. Plaintiff's remaining arguments have been examined and rejected as unpersuasive.

Mercure, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.