■ LINDA WEST, Appellant, v CITY OF TROY, Defendant, and LOUIS BIANCHI, INC., Respondent. [647 NYS2d 63] —Casey, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 8, 1995 in Rensselaer County, which granted the motion of defendant Louis Bianchi, Inc. for summary judgment dismissing the complaint against it.

Plaintiff was injured in November 1990, when she fell over a fire hydrant located on a sidewalk at the corner of State and River Streets, in the City of Troy, Rensselaer County. She subsequently commenced this negligence action against both the City and Louis Bianchi, Inc., the contractor hired by the City in 1987 to pave certain sidewalks, including the one where plaintiff's accident occurred. It was plaintiff's contention that her fall had been caused by the hydrant's negligent placement in the middle of the sidewalk, rather than next to the curb. Bianchi moved for summary judgment, dismissing the complaint against it. Supreme Court granted the motion and plaintiff appeals.

Bianchi contends that it cannot be held liable for plaintiff's injuries because its work was carried out in conformance with plans supplied by the City. Pursuant to the City's plans, Bianchi had widened the sidewalk where plaintiff fell, causing the hydrant in question to be located toward the center of the

sidewalk rather than next to the curb. The plans, however, also called for the City to relocate the hydrant closer to the curb, a project which was never carried out.

In general, a contractor may rely with impunity upon plans and specifications which he has agreed to follow unless they are so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans, is potentially dangerous (*see, Morriseau v Rifenburg Constr.*, 223 AD2d 981, 982; *Miccio v Wade Lupe Constr. Co.*, 207 AD2d 599, 601; *Meseck v General Elec. Co.*, 195 AD2d 798, 799). In that event, the contractor is obliged to refrain from constructing the project as planned in order to avoid liability (*see, supra*).

In this matter, plaintiff has the burden of showing the existence of a material factual issue as to whether the plans provided by the City were so egregious as to have given notice of the potential danger that would result from their completion (*see, Loconti v Creede*, 169 AD2d 900, 903). Plaintiff has failed to make such a showing here. The City's plans provided that the hydrant would be moved by the City from the center portion of the sidewalk to the curbside. Hence, there was nothing in the plans that would have given notice of any potential danger. We accordingly affirm Supreme Court's order dismissing the complaint against Bianchi.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.