■ VIRGINIA A. DEAR, Individually and as Administratrix of the Estate of GEORGE S. DEAR, JR., Deceased, Appellant, v JAMES J. FALK et al., Defendants, and SEALAND CONTRACTORS CORP., Respondent. (Appeal No. 1.) [676 NYS2d 362] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.

■ VIRGINIA A. DEAR, Individually and as Administratrix of the Estate of GEORGE S. DEAR, JR., Deceased, Appellant, v JAMES J. FALK et al., Defendants, and SEALAND CONTRACTORS CORP., Respondent. (Appeal No. 2.) [676 NYS2d 362] —Order unanimously affirmed without costs. Memorandum: In January 1995 plaintiff's decedent, who had stopped along Interstate 490 East to help a stranded motorist, was struck and killed by a car whose operator lost control. At the time of the accident, the roadway in the area was being reconstructed and widened, although actual construction work had been shut down for the

winter season. Plaintiff sued the operator and the owner of the car that struck decedent and defendant Sealand Contractors Corp. (Sealand), the general contractor on the construction project.

After joinder of issue and discovery, Sealand moved for summary judgment dismissing the complaint against it. Plaintiff cross-moved for a preclusion order.

Supreme Court properly granted Sealand's motion. Sealand met its initial burden of establishing its entitlement to judgment as a matter of law by showing that it performed its work in compliance with the contract requirements and with the plans and specifications provided by the State of New York, that the alleged defects were not so obvious as to put Sealand on notice that it was constructing something likely to cause injury and that it did not design the project (*see, Ryan v Feeney & Sheehan Bldg. Co.,* 239 NY 43, 46, *rearg denied* 239 NY 604; *Quinn v Nigro Bros.,* 216 AD2d 281; *Loconti v Creede,* 169 AD2d 900, 903). In response, plaintiff failed to tender evidentiary proof raising a triable issue of fact (*see, Morriseau v Rifenburg Constr.,* 223 AD2d 981, 982; *Rainbow v Albert Elia Bldg. Co.,* 79 AD2d 287, 289, *affd* 56 NY2d 550).

In light of our determination, it is unnecessary to address the issue raised by plaintiff concerning her cross motion for preclusion. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.