■ CHARLES GEE et al., Appellants, v CITY OF NEW YORK et al., Respondents, and GRACE INDUSTRIES, INC., Appellant. [758 NYS2d 157] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 12, 2002, as granted those branches of the separate motions of the defendants City of New York and the defendant Slattery Associates, Inc., which were for summary judgment dismissing the complaint insofar

as asserted against them, and the defendant Grace Industries, Inc., separately appeals, as limited by its brief, from so much of the same order as granted those branches of the separate motions of the defendants City of New York and Slattery Associates, Inc., which were for summary judgment dismissing its cross claims for indemnification and contribution insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Charles Gee was injured in a one-vehicle motorcycle accident on the northbound Gowanus Expressway, approximately 250 feet south of the Battery Tunnel toll plaza, allegedly due to an uneven and/or raised road surface between the extreme left lane and the lane to its right. The defendant Slattery Associates, Inc. (hereinafter Slattery), performed construction on the alleged accident site six years earlier, installing the portion of the roadway which allegedly caused the plaintiff's accident pursuant to a contract with New York State. The defendant City of New York issued permits for the project. The Supreme Court granted the separate motions of the City and Slattery for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and these appeals ensued.

"A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Ryan v Feeney & Sheehan Bldg. Co.,* 239 NY 43, 46 [1924]; *see also Horowitz v Marel Elec. Servs.,* 271 AD2d 572 [2000]; *Morriseau v Rifenburg Constr.,* 223 AD2d 981 [1996]). Slattery demonstrated that the plans and specifications it followed were prepared by engineers of the New York State Department of Transportation (hereinafter the DOT). The DOT's signed daily inspection reports, along with its final acceptance letter of the project demonstrated that it approved Slattery's work. Slattery thereby established its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

In opposition, the plaintiffs did not raise a triable issue of fact as to whether Slattery failed to conform with the contract. In addition, the plaintiffs did not raise a triable issue of fact as to whether the plans and specifications themselves were defective. Unsubstantiated allegations and mere conclusions are inadequate to warrant the denial of summary judgment (*see Zuckerman v City of New York, supra*; *Guzman v Lundy,* 285 AD2d 626 [2001]).

The City established a prima facie case that it did not receive prior written notice of the defect. The plaintiffs' contention in opposition that the City's receipt of the project plans constituted prior written notice is without merit. The City's issuance of a work permit does not constitute evidence of prior written notice (see *Levbarg v City of New York,* 282 AD2d 239 [2001]; *Meltzer v City of New York,* 156 AD2d 124 [1989]).

The contention of Grace Industries, Inc. (hereinafter Grace), that its cross claims against Slattery and the City are still viable because neither Slattery nor the City submitted Grace's answer on their respective motions, is raised for the first time on appeal and, as such, is not properly before this Court (see *Antler v Jamaica 163 Location Corp.,* 241 AD2d 437 [1997]; *Bragagnolo v EMC Mtge. Corp.,* 234 AD2d 328 [1996]). Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.