KATRINA LACY et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, et al., Defendant. [772 NYS2d 360]—

In an action to recover damages for personal injuries, etc., (1) the defendant third-party defendant Jack's Insulation Contracting Corp., doing business as JICC Industries appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 6, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and dismissing the third-party complaint, and (2) the defendant third-party plaintiff New York City Housing Authority appeals from an order of the same court (Jacobson, J.), dated February 14, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are reversed, on the law, with one bill of costs, the motions are granted, upon searching the record, summary judgment is granted to the defendant City of New York, and the complaint and the third-party complaint are dismissed.

The plaintiffs allege that on October 19, 1996, the infant

plaintiff fell and sustained injuries while walking down a pedestrian access handicap ramp located outside a building owned and maintained by the defendant third-party plaintiff, the New York City Housing Authority (hereinafter the Housing Authority), and the defendant the City of New York. The defendant third-party defendant Jack's Insulation Contracting Corp., doing business as JICC Industries (hereinafter JICC) built the subject ramp for the Housing Authority pursuant to a written contract.

The Supreme Court erred in denying summary judgment to the Housing Authority and JICC. The Housing Authority made a prima facie showing that the subject ramp was not cracked or irregular as alleged in the complaint and that the "crack" on which injured plaintiff testified she fell was actually an expansion joint built into the pavement to prevent the ramp from cracking (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The Housing Authority submitted the injured plaintiff's deposition testimony which specifically identified the crack as one of the expansion joints and which failed to identify how or why the joint was dangerous or constituted a defect.

JICC made a prima facie showing that it was justified in relying upon the specifications provided to it by the Housing Authority in constructing the ramp and that it properly completed the construction pursuant to those specifications (*see generally Alvarez v Prospect Hosp., supra; see also Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43 [1924]; *Horowitz v Marel Elec. Servs.*, 271 AD2d 572 [2000]; *Morriseau v Rifenburg Constr.*, 223 AD2d 981 [1996]).

The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). The affidavit of their expert contained no mention of the crack on which the injured plaintiff allegedly fell and did not indicate that the ramp's expansion joints were defective in any way. To the extent the expert criticized the ramp's rough surface and its handrails, such alleged defects were irrelevant as the injured plaintiff specifically testified that she was not claiming that either of those things caused her accident.

Furthermore, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *Micciche v Homes by the Timbers*, 1 AD3d 326 [2003]). Therefore, under the circumstances of this case, summary judgment is granted to the City of New York.

Accordingly, the complaint and the third-party complaint are

dismissed. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.