JOHN HARTOFIL, Respondent-Appellant, v McCOURT & TRUDDEN FUNERAL HOME, INC., Respondent, INCORPORATED VILLAGE OF FARMINGDALE, Appellant-Respondent, and F.D. CONTRACTING CORP., Respondent-Appellant. [871 NYS2d 299]—

On the afternoon of January 27, 2006 the plaintiff tripped and fell on a strip of brickwork located adjacent to a public sidewalk in the Incorporated Village of Farmingdale. The accident occurred in front of premises owned by the defendant McCourt & Trudden Funeral Home, Inc. (hereinafter McCourt). Although the brickwork was level with the adjacent concrete sidewalk flags, the plaintiff alleges that the bricks he tripped

over had sunk, creating a height differential. The plaintiff subsequently commenced this action against the Village, the adjoining property owner, McCourt, and F.D. Contracting Corp. (hereinafter F.D. Contracting), the contractor which had installed the brickwork approximately eight years prior to the accident.

After depositions had been conducted, McCourt moved for summary judgment dismissing the complaint insofar as asserted against it and the Village and F.D. Contracting separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. While the motions were pending, the plaintiff voluntarily discontinued his action against the Village. The Supreme Court granted McCourt's motion for summary judgment, concluding that it had no duty to maintain and repair the brickwork in front of its premises pursuant to the Code of the Village of Farmingdale § 81-3.1 because the brickwork was not part of the sidewalk. However, the court denied F.D. Contracting's motion, finding that there was an issue of fact as to whether it could be held liable on the theory that the contract specifications for the brickwork were so obviously defective that a contractor of ordinary skill and prudence would not have performed the work. The court also denied that branch of the Village's motion which was for summary judgment dismissing the cross claim of F.D. Contracting insofar as asserted against it.

As a general rule, "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]; *see Gee v City of New York*, 304 AD2d 615, 616 [2003]). Thus, a contractor who performs its work in accordance with contract plans may not be held liable unless those plans are "so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans, is potentially dangerous" (*West v City of Troy*, 231 AD2d 825, 826 [1996]; *see Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY at 46; *Gee v City of New York*, 304 AD2d at 616; *Stevens v Bast Hatfield, Inc.*, 226 AD2d 981 [1996]; *Morriseau v Rifenburg Constr.*, 223 AD2d 981, 982 [1996]). Here, F.D. Contracting made a prima facie showing of its entitlement to summary judgment by submitting evidentiary proof that it properly relied upon contract plans provided by the Village's engineer in installing the subject brickwork (*see Lacy v New York City Hous. Auth.*, 4 AD3d 455, 456 [2004]; *Gee v City of New York*, 304 AD3d at 616; *Stevens v Bast Hatfield, Inc.*, 226 AD2d at 982). In opposition, the plaintiff failed to raise a triable

issue of fact as to whether the contract plans were so clearly defective that a contractor of ordinary prudence would not have performed the work. Contrary to the Supreme Court's determination, the affidavit of the plaintiff's masonry expert was insufficient to raise an issue of fact because his conclusions were not supported by citation to empirical data or any relevant construction practices or industry standards (*see Delgado v County of Suffolk*, 40 AD3d 575, 576 [2007]; *Stevens v Bast Hatfield, Inc.*, 226 AD2d at 982). Accordingly, the court should have granted F.D. Contracting's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Since the complaint and all cross claims insofar as asserted against F.D. Contracting should have been dismissed, that branch of the Village's motion which was for summary judgment dismissing the cross claim of F.D. Contracting insofar as asserted against it should have been granted.

The Supreme Court properly granted McCourt's motion for summary judgment dismissing the complaint insofar as asserted against it. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). Although the Code of the Village of Farmingdale § 81-3.1 imposes a duty upon adjoining landowners to repair and maintain Village sidewalks, the court correctly determined that the brickwork area where the plaintiff fell, which contains trees and tree wells, is not a "sidewalk" within the meaning of the ordinance (*see* Vehicle and Traffic Law § 144; *Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). Accordingly, McCourt had no duty to maintain and repair the brickwork. Mastro, J.P., Florio, Eng and Chambers, JJ., concur. [*See* 2008 NY Slip Op 30434(U).]