■ JOAN NICHOLS-SISSON et al., Respondents, v WINDSTAR AIRPORT SERVICE, INC., et al., Respondents, and GLM DEVELOPMENT CORP. et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant. WOLF & O'MARA, LLP, Third-Party Defendant-Respondent. [952 NYS2d 223]—

On June 5, 2005, a vehicle driven by the plaintiff Joan Nichols-Sisson (hereinafter the injured plaintiff) was struck in an intersection by a vehicle driven by the defendant Robert Strik and owned by the defendant Windstar Airport Service, Inc. (hereinafter Windstar). The vehicle driven by Strik entered the intersection after failing to stop at a stop sign, and Strik testified at his deposition that he could not see the stop sign because it was obscured by a tree which was located in the roadside right-of-way between the sidewalk and the curb.

That tree had been planted by the defendant GLM Development Corp. (hereinafter GLM) when it built a home adjacent to the intersection where the accident occurred. That construction work was completed in 2004. The defendant Diffendale & Kubec, A.I.A. (hereinafter Diffendale), and the third-party defendant Wohl & O'Mara, LLP, incorrectly sued herein as Wolf & O'Mara, LLP (hereinafter Wohl), performed architectural and engineering work on the project, respectively. While the home was being built, the property was owned by the defendant Dora Homes, Inc. (hereinafter Dora Homes); after the home was completed, the property was sold to an individual homeowner.

The injured plaintiff, and her spouse suing derivatively, commenced this action against, among others, Windstar, Strik, GLM, Dora Homes, and Diffendale. The complaint alleged, inter alia, that GLM, Dora Homes, and Diffendale negligently created a dangerous condition by planting the subject tree. The complaint also named the City of New York as a defendant, based on the City's alleged creation of, or failure to remedy, that condition. GLM and Dora Homes commenced a third-party action for contribution against Wohl, and all the defendants interposed cross claims for contribution against each other.

As a general rule, "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]; *see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 945 [2008]; *Gee v City of New York*, 304 AD2d 615, 616 [2003]). A contractor that performs its work in accordance with contract plans may not be held liable unless those plans are "so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans, is potentially dangerous" (*West v City of Troy*, 231 AD2d 825, 826 [1996]; *see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d at 945; *Gee v City of New York*, 304 AD2d at 616; *Stevens v Bast Hatfield, Inc.*, 226 AD2d 981 [1996]; *Morriseau v Rifenburg Constr.*, 223 AD2d 981, 982 [1996]). Here, GLM established, prima facie, that in planning for the location of the curbside trees at this project, it relied on and followed plans that were prepared by its architect and engineer and were approved by the City. In opposition to that prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the contract plans were so clearly defective that a contractor of ordinary prudence would not have performed the work (*see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d at 945-946; *Gee v City of New York*, 304 AD2d at 616; *Stevens v Bast Hatfield, Inc.*, 226 AD2d at 981-982). Further, as GLM asserts, there is no evidence that it assumed or undertook a continuing duty to return to the site to remedy any defects that eventually developed (*see Peluso v ERM*, 63 AD3d 1025, 1025-1026 [2009]). Accordingly, the Supreme Court should have granted that branch of the motion of GLM and Dora Homes which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against GLM.

The Supreme Court also should have granted that branch of the motion of GLM and Dora Home which was for summary judgment dismissing the complaint and all cross claims insofar

as asserted against Dora Homes. Under some circumstances, a property owner may be held liable for hazardous conditions created by an independent contractor, where the property owner exercises control over the work of the contractor (*see White v Village of Port Chester*, 92 AD3d 872 [2012]). Here, however, the contractor, GLM, demonstrated that the tree did not constitute a hazardous condition when it was planted, and the plaintiffs raised no triable issues of fact in response to that prima facie showing (*see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d at 945-946). Dora Homes established, prima facie, its entitlement to judgment as a matter of law, by showing that there is no basis for holding the property owner vicariously liable in this case, and, in opposition, the plaintiffs did not raise a triable issue of fact.

The Supreme Court properly denied that branch of the City's motion which was for summary judgment dismissing the cross claims asserted against it. A municipality has a duty to maintain its roads in a reasonably safe condition, and that duty includes the trimming of trees in highway rights-of-way to assure the visibility of stop signs (*see D'Onofrio-Ruden v Town of Hempstead*, 29 AD3d 512, 513 [2006]; *Finn v Town of Southampton*, 289 AD2d 285, 286 [2001]). A municipality may be liable for a dangerous condition of a street or traffic sign if it has actual or constructive notice of that condition (*see DiSanto v Town of Islip*, 212 AD2d 500 [1995]). Here, the City failed to establish, prima facie, that it lacked actual or constructive notice of the allegedly hazardous condition. In particular, the record shows that City employees repaired the subject stop sign approximately eight months prior to this accident. However, the City did not submit any records indicating that the stop sign was not obstructed by foliage at that time. Further, the City failed to establish that the allegedly hazardous condition existed for an insufficient amount of time for it to have been remedied. In particular, the City failed to submit evidence as to any inspections or work performed on the subject tree, and it submitted no other evidence as to the duration of the alleged condition. Under these circumstances, the court did not err in finding that the City failed to establish, prima facie, that it lacked actual or constructive notice of the allegedly hazardous condition (*see Bright v Village of Great Neck Estates*, 54 AD3d 704, 705 [2008]; *Sicignano v Town of Islip*, 41 AD3d 830, 832 [2007]).

In light of our determination, we need not reach the remaining contentions of GLM and Dora Homes. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.